## The Citizens' Building and Loan Association of Centralia *versus* Hoagland and Gass.

The Act of April 4th 1877 authorizes the party or parties aggrieved by the decision of the Court of Common Pleas to appeal in all cases of application to have any judgment entered, on warrant of attorney, or judgment note opened and defendant let into a defence. *Held*, that where the court orders the judgment to be opened and directs an issue, no final judgment upon the application takes place against the plaintiff such as will entitle him to take an appeal therefrom.

June 15th 1878. Before Agnew, C. J., Mercur, Gordon, Paxson, Woodward and Trunkey, JJ. Sharswood, J., absent.

Certiorari to the Court of Common Pleas of *Northumberland county* : Of May Term 1878, No. 164.

In March 1873, J. J. Hoagland applied to the Citizens' Building and Loan Association of Centralia for a loan, and as security therefor offered his father-in-law, Martin Gass. On the execution of a bond and mortgage to the association by Hoagland and Gass the money was paid over to Hoagland. In 1875 Hoagland made an assignment for the benefit of creditors, and appointed Gass his assignee. His assigned property paid but a small portion of his indebtedness, and nothing whatever was paid on the loan. On July 6th 1877 the bond of Hoagland and Gass was entered in the Common Pleas of Northumberland county and execution issued against the property of Gass, which was stayed, and an alias issued to November term. On the 21st of November Gass petitioned said court, setting forth that the association had a judgment against Hoagland for $2000, to February term 1871, in the Court of Common Pleas of Columbia county, and that said association had agreed to release him, Gass, from all liability, as bail on that judgment being fully paid by Hoagland; that Hoagland had paid said judgment; and praying therefore that a rule to show cause why the judgment should not be opened, &c., might issue. On the same day the rule was granted, and on the 15th of February 1878 the rule as to Gass was made absolute. This action of the court in opening the judgment was assigned for error by the association, which took this writ.

*S. P. Wolverton* and *L. H. Kase*, for appellant.—The judgment was entered by virtue of a warrant of attorney, and under the Act of Assembly of April 4th 1877, Pamph. L. 53, the proceedings of the court below to open the same can be reviewed by the Supreme Court.

*W. C. Packer*, for appellee.—The application to open a judgment is an appeal to the discretion of the court, and the action of the court in opening the judgment upon such application is not a final

[Citizens' B. & L. Association *v.* Hoagland.]

judgment, and was not, therefore, the subject of review in the Supreme Court prior to the passage of the Act of April 4th 1877, "providing for appeals from the Court of Common Pleas, in case of applications for opening judgments entered on warrants of attorney." But even under that act it has been held that a writ of error will not lie to the action of the court (The Peoples' Fire Insurance Company *v.* Hartshorne, 3 Norris 453), and the party aggrieved by the decision of the court thereon, can only "have the same reviewed in the Supreme Court by appeal in like manner and proceedings as equity cases are now appealed."

The judgment of the Supreme Court was entered June 24th 1878,

PER CURIAM.—The Act of 4th April 1877, Pamph L. 53, authorizes the party or parties aggrieved by the decision of the Court of Common Pleas to appeal in all cases of application to have any judgment entered, or warrant of attorney, or judgment note opened and defendant let into defence. It is manifest no final judgment upon the application takes place against the plaintiff, until the case has been heard and the judgment entered thereupon, setting it aside or lessening its amount. Here the judgment was merely opened and an issue ordered. Until the issue is tried, and the court acts upon it, a final judgment is not entered. It would be intolerable to have an appeal on the opening order and then an appeal or writ of error, as the case might be, on the determination of the issue, and final decree of the court. It is different in the case of the defendant when the opening order is denied. He then has no remedy if the court errs in refusing to open the judgment. The appeal in this case is premature.

Appeal quashed, and the appellant ordered to pay the costs, and the record to be remitted with a *procedendo.*