## Morton *versus* Weaver.

1. The record of a suit wherein judgment had been obtained for want of a plea against the administrator of a married woman, disclosed the fact that the action was brought to recover the price of necessaries furnished to the defendant's intestate during her lifetime, at her instance and request, for the use of herself and family. The suit was originally against the administrator alone, but the husband of the intestate was, by order of court, made a party thereto before judgment was obtained. The copy of book entries filed showed that, with a few exceptions, the articles furnished had all been such as might be fairly classed as necessaries. *Held*, that the record disclosed upon its face nothing sufficient to impeach the regularity or validity of the judgment.

2. In an action of ejectment against the heirs of said married woman for a tract of land whereof she had died seised, plaintiff put in evidence the above judgment. He then offered in evidence a record, whereby it appeared that a scire facias upon said judgment had been issued against all the said married woman's heirs but one, and that all of said heirs thus brought in had defended and submitted the cause to arbitrators, who had found against said heirs. Said record further showed that this judgment being unappealed from execution had issued thereon against the premises in question, and that the same had been sold to the plaintiff. Defendants objected to the admission of this testimony on the ground that the original judgment was invalid, the articles for which suit had been brought not being necessaries. The court admitted the evidence, but instructed the jury that plaintiff was not entitled to recover the undivided share of the heir who was not brought in by scire facias. *Held*, that the heirs, having had a full opportunity to set up any defence that could or ought to have been made by the administrator in the original action, and having either neglected or failed in their attempt to do so, it

[Morton *v.* Weaver.]

was too late to question the validity of the judgment on the scire facias, and that therefore the evidence was rightly admitted.

3. In the above case defendants offered to prove that the married woman had a set-off against the claim for which the original judgment had been obtained. *Held*, for the reasons above given, that said evidence was inadmissible and was rightly rejected.

4. It is error to submit to the jury the question whether there has been fraud or collusion in the procurement of a judgment or a sheriff's sale, if there be no evidence of such fraud or collusion.

October 27th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Armstrong county :* Of October and November Term 1881. No. 177.

Ejectment, by Peter S. Weaver against John Morton and Nancy Morton, his wife, for two lots of ground in the borough of Freeport.

On the trial, before BRADIN, P. J., both parties claimed under Helen Johnston, wife of John Johnston, who died in 1859, seised of the premises in question.

The plaintiff claimed as purchaser at sheriff's sale, and offered in evidence the record of a judgment obtained by him against Mrs. Johnston's administrator, followed by a scire facias to bring in her heirs and surviving husband, which was duly served on said parties, with the exception of one of the heirs, Hess Johnston, whose interest was one undivided fourth. Judgment was duly obtained against said heirs, an execution issued, the premises sold at sheriff's sale to the plaintiff, and a sheriff's deed executed to him therefor. Objected to, on the ground that the original judgment was void, having been obtained against the administrator of a married woman, on a claim for alleged necessaries procured by her in her lifetime, her husband not being joined as a co-defendant ; that the record showed a large portion of the claim was not for necessaries, and being void, the judgment subsequently obtained on the scire facias was also invalid. Objection overruled ; exception.

Defendant's counsel offered to prove by the defendant, Mrs. Nancy Morton (formerly Nancy Johnston, a daughter-in-law of Mrs. Helen Johnston, deceased, and mother of the said Hess Johnston), that in 1855, Mrs. Helen Johnston, being indebted to the plaintiff, Weaver, placed the said property in his possession to rent, as her agent, and to receive the rents until they should satisfy her indebtedness, and that the plaintiff did, in fact, rent it, in her name, and received a large sum for rents, being more than the amount of said indebtedness. Objected to, on the ground that the witness, being a party to the record, is incompetent to prove anything that occurred in the lifetime of

[Morton v. Weaver.]

Mrs. Helen Johnston, under whom both parties claim. Objection sustained; exception.

The defendant requested the court to charge, in substance, that the plaintiff had not made out such a title as would entitle him to recover. The court declined the points presented, and charged, inter alia: "We instruct you that the plaintiff has made out title to three-fourths of the premises; but as the defendant has shown that she is the mother of Hess Johnston (deceased), as to whose title in the property the plaintiff has shown no claim, we instruct you that your verdict should be for the plaintiff for the undivided three-fourths of the premises in dispute. The other one-fourth the defendant, Mrs. Morton, is entitled to."

Verdict, accordingly, for the plaintiff, as to the undivided three-fourths of the premises, and for the defendant, Nancy Morton, as to one undivided fourth, and judgment thereon. The defendants took this writ of error, assigning for error the admission in evidence of the record of the judgment of Weaver against Helen Johnston, and the scire facias thereon, and the sheriff's deed to the plaintiff; the exclusion of the defendant's offer of evidence; the refusal of their points, and the portion of the charge above cited.

*David Barclay,* for the plaintiffs in error.—The record of the suit, by Weaver, against the administrator of Mrs. Helen Johnston, showed on its face that the judgment was void: its validity was therefore a legitimate subject of investigation. We also showed that it was procured by fraudulent collusion with Mrs. Johnston's administrator, who was appointed at the instance of the plaintiff, Weaver, and who, acting under the instructions of Weaver's counsel, made no defence, and allowed judgment to be taken by default. While a judgment, apparently regular, may not be attacked in a collateral proceeding, the rule does not apply where fraud is alleged, or the judgment is void on the record. And a judgment obtained on a scire facias, founded on a void judgment, is also void, having nothing to support it: Dorrance v. Scott, 3 Whart. 313; Caldwell v. Walters, 6 Har. 79, 83; Hoffer v. Wightman, 5 Watts 205. The evidence showing that Weaver was Mrs. Johnston's agent, and as such rented the property and retained the rents, should have been admitted, to show bad faith on his part in bringing the action. The heirs can defend in ejectment on the ground of fraud: Shields v. Miltenberger, 2 Har. 78; St. Bartholomew's Church v. Wood, 11 P. F. Smith 103; McCasky v. Groff, 11 Har. 326; Sharp v. Long, 4 Cas. 433; Brotherline v. Swires, 12 Wr. 68; Levick v. Brotherline, 24 P. F. Smith, 149. Mrs. Morton was a competent witness to prove the offer

[Morton *v.* Weaver.]

of agency. Mrs. Johnston was, in no sense, "the assignor of the thing or contract in action." Weaver's claim arose solely out of his own act, not under a sale or legal devolution of title from her. Both parties here were living, and on an equality : Waltman *v.* Herdic, 9 Norris 459.

*E. S. Golden* and *Jos. Buffington,* for the defendant in error.—The judgment against the administrator of Mrs. Johnston was legal and regular. The surviving husband was not a necessary party : Davidson *v.* McCandlish, 19 P. F. Smith 172. Because the claim showed that some articles were included that were not necessaries does not impair the validity of the judgment. If there was a single necessary it would justify the judgment, as a foundation for a scire facias against the heirs, which differs from a scire facias to revive. The heirs who were served had full opportunity for defence, and are concluded by the judgment on the scire facias : Chase's Ex'r *v.* Burkholder, 6 Har. 48 ; Atherton *v.* Atherton, 2 Barr 112 ; Murphy's Appeal, 8 W. & S. 165 ; Benner *v.* Phillips, 9 W. & S. 16 ; Buchler *v.* Buffington, 7 Wr. 293 ; Nace *v.* Hollenback, 1 S. & R. 540.

Mr. Justice Sterrett delivered the opinion of the court, November 7th 1881.

The plaintiff below claimed under Mrs. Helen Johnston, who formerly owned the lots in controversy and died seised thereof in 1859, and, for the purpose of tracing title to himself, he gave in evidence the record of a judgment, rendered June 10th 1863, in his favor against James Cunningham, administrator of Mrs. Johnston, and also the record of a scire facias thereon to September term 1863, with notice to the husband and all the heirs at law of the decedent, except one, as to whose interest he was not permitted to recover. In the latter proceeding judgment was entered November 8th 1865, on an award of arbitrators for $1,417.34, and by virtue of an execution based thereon the lots in controversy were sold by the sheriff and conveyed to Weaver, the plaintiff below.

The admission of the records and sheriff's deed aforesaid forms each a separate subject of complaint in the first, second and third assignments respectively.

The record of the original judgment exhibits a suit regularly brought against the personal representative of Mrs. Johnston for necessaries sold to her when a femme covert for the use of herself and family "at her special instance and request, and upon her own responsibility, promise and engagement to pay." The probated copy of book accounts, with the exception of a few items, is composed of articles that may fairly be classed as

[Morton v. Weaver.]

necessaries, and the claim, as shown by the record, is quite sufficient in form to charge the separate estate of a married woman. By order of court the surviving husband was added as a defendant, but the judgment, in default of a plea, was rendered against the administrator alone. There is nothing whatever upon the face of the record to impeach either the regularity or validity of the judgment, and there was, therefore, no error in admitting it in evidence as the foundation of the subsequent proceedings.

In the scire facias to bring in the heirs, we fail to discover any irregularity in the proceedings of which the plaintiffs in error have any reason to complain. One of the heirs, it is true, was omitted, but that has inured to their benefit by limiting the recovery of the plaintiff below to the undivided three-fourths of the land in controversy. Those who were made parties to the scire facias appeared by counsel, and, in a full affidavit made by their agent, Mr. Fullerton, took defence; but, when the arbitrators awarded against them, they did not appeal, and the judgment became final and conclusive. They had a right to make any defence that could or ought to have been made by the administrator in the original action. Having either neglected to do so, or having failed in the attempt, it is now too late to question the validity of the judgment on the scire facias, and the record thereof was properly admitted.

The regularity of the execution process is not questioned, and the sheriff's deed to the plaintiff below, having been duly acknowledged and delivered, there cannot be any valid objection to it as evidence of his title.

The fourth and fifth assignments are not sustained. Aside from the question of Mrs. Morton's competency as a witness to prove the several matters therein mentioned, we are of opinion that the testimony was irrelevant in this case. Doubtless it would have been otherwise in the original suit, or in the scire facias and, in the affidavit of defence filed in the latter case, we find it alleged, inter alia, that the "heirs have a just and legal set-off against the said plaintiff's claim of about seven hundred and twenty dollars, with interest thereon for eight years, for rents of the aforesaid lots commencing in September or October, A. D. 1855." That was the proper time and place to prove the agency of Weaver, and the alleged receipt by him of "a large amount of rents."

We see no error in the answers of the learned judge to defendants' points, covered by the sixth, seventh and eighth assignments. There was no evidence from which the jury would have been justified in finding collusion or fraud, either in the procurement of the judgments or in the sheriff's sale, and it would have been error in the court to have submitted to them any such question. If the administrator failed to make such

[Vetter's Appeal.]

defence, as he should have done, in the original suit, the heirs when brought in on the scire facias had their day in court. It cannot be presumed that the attorney who appeared for them and entered on the record of the scire facias their defence thereto, conspired with the plaintiff for the purpose of procuring a fraudulent judgment. There is no evidence of such collusion. If we were to permit judgments and other judicial proceedings to be brushed aside on naked allegations of fraud and other flimsy pretexts, titles would indeed rest upon a very insecure foundation. It is not enough to charge fraud and prove in support thereof slight circumstances of suspicion only. To be of any avail it must be clearly proved.

It follows from what has been said that there was no error in charging as complained of in the remaining assignments of error. The judgments and sheriff's sale based thereon being regular and valid, the plaintiff below was clearly entitled to recover, except as to the interest of the son who was not made a party to the scire facias.

Judgment affirmed.