# APPEAL OF A. H. ENGLISH.
## [A. H. ENGLISH v. JACOB HAGER.]

APPEAL FROM THE COURT OF COMMON PLEAS OF LYCOMING COUNTY.

Argued March 14, 1888—Decided April 9, 1888.

1. An order opening a judgment entered by virtue of a warrant of attorney to let the defendant into a defence, is not a final judgment, and the plaintiff is not entitled to an appeal under the act of April 4, 1877, P. L.

53, until the issue has been tried and a final order made setting aside the judgment or reducing its amount.

2. On the trial of the issue, if it was error to open the judgment upon the facts as they stood when the order was made, it will be error to submit the case to the jury; the trial goes for nothing and the plaintiff is thereafter entitled to be heard upon the preliminary question of the defendant's right to have the judgment opened.

3. A judgment entered by confession under a warrant of attorney should not be opened, nor the evidence submitted to the jury, unless the written instrument be overcome by testimony which if believed should move a chancellor to decree that the note was void, or should be reformed because of forgery, fraud or mistake.

4. The unsupported testimony on oath of a defendant in such a judgment, admitting the execution of the instrument with a knowledge of its provisions but alleging fraud in the procurement and use of it, which is directly opposed by the testimony, on oath, of the plaintiff, is insufficient to warrant the opening of the judgment or to be submitted to the jury on the trial of an issue awarded.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 209 [and 208] July Term 1887, Sup. Ct.; court below, No. 13 December Term 1886, C. P.

On September 9, 1886, a judgment for $106.96 was entered in the court below in favor of Amzi H. English against Jacob Hager, by statement and confession upon a note under seal with warrant of attorney, made and delivered by Hager to English on January 24, 1885, for $102.03. A fieri facias having been issued, on September 17, 1886, the defendant Hager presented his petition setting forth in substance: That he had been dealing at the store of the plaintiff, and in 1879, on a settlement of his account he had given the plaintiff his note for $97.39; that in 1879 and afterwards at various times he had made payments on said note in cash and produce, for which he held receipts given by plaintiff; that in January, 1885, the note on which judgment had since been entered was presented to him to sign as a renewal of the former note, and he refused to sign it, "stating that he had receipts for its payment and a large amount over, but that he could not find his 1879 receipts; that English, the plaintiff, then said, you sign this note, and then if you can find those receipts, I will give you credit on the note for the amount they represent: Further,

that the defendant did not find said 1879 receipts till June or July, 1886, and he then went to plaintiff to settle and lift his note, when the latter claimed that the payments evidenced by the receipts produced were applicable to an open account existing, and refused to appropriate the credits as desired : Praying that a rule be granted to show cause why the judgment should not be opened and the defendant let into a defence, etc.

Depositions were taken under the rule granted. The defendant deposed in substance that after giving the note for $97.39 in 1879, neither he nor any member of his family ever bought anything of the plaintiff on credit; that he had made various payments in cash to the plaintiff and had delivered to him hay and other produce, showing receipts therefor; that the plaintiff's son having come to him with a new note to sign, " I went up to Jersey Shore ; Mr. English was there in the store, sitting by the stove. I says to Mr. English : We can't settle, for I lost my 1879 receipts. Then we got up and went around to his desk, on this lower side, then he, Mr. English, says : You can sign this note then, he says, that will keep it open until you find your receipts. Then I signed the note. When I found the receipts I was to come up, then we would settle off the note. . . . . . Then I left and went home. I did not find them 1879 receipts until the last of June, 1886. Sometime in July, 1886, Mr. English came down to my house, saying that he had bought some property of Staver, and he had borrowed money to pay for it, out the bank, and he had to meet it. Then I says to him : Mr. English, I have no money for you ; I have found my 1879 receipts and now I am ready for settlement, as I don't owe you a dollar, as you owe me. He says then : Oh! no, you run a book account with me right along. I says : Never did I. He said : Yes, you did. I says : If there is a book account against me it has certainly been forged ; if there is I demand an itemized bill. Never before that did he say I had a book account since 1879."

The plaintiff deposed in substance that in addition to the note for $97.39, he had an account with the defendant; that on January 24, 1885, the date when the note in controversy was signed, the account was looked over and there was a balance of $6.07 due defendant thereon; the plaintiff then produced the note he had previously sent to the defendant and

the latter claimed he had an account for eighteen sacks of buckwheat flour delivered; that after some objection by plaintiff, a credit was allowed for the flour and the balance on the account, and a new note drawn for $102.03 and signed by the defendant, upon which note the judgment was afterwards entered; that this note was given on a final settlement of all accounts between the parties and the plaintiff had squared his books: " When Hager signed the note on January 24, 1885, there was no dispute between us about receipts, except about this buckwheat flour, which I allowed him credit for in order to have a settlement. There was no other conditions on which this note was signed, he promising to fetch the book up and show me the charges." Margery English, the plaintiff's daughter, testified that she wrote the note signed by the defendant on January 24, 1885, and saw Mr. Hager sign it; she did not hear any conversation between her father and defendant. The testimony of other witnesses related to the accounts of the parties against each other.

On October 15, 1886, the rule granted to show cause why the judgment should not be opened, etc., was made absolute. On March 14, 1887, the issue framed came on for trial before a jury, when upon the testimony then adduced, not differing essentially from that taken on the rule referred to, the court, CUMMIN, P. J., in substance submitted whether on January 24, 1885, there was a final settlement between the parties, resulting in the making and delivery of the note, and, if not, whether anything was due from the defendant to the plaintiff, and if so, how much. The jury returned a verdict for the defendant.

On July 22, 1887, a motion for a new trial, previously entertained, was heard and refused. On the same day, the plaintiff by his attorneys " excepts to the action of the court in opening the judgment which was entered in this case, and prays that the same may be allowed and noted on the record." On July 29th, the court filed the following :

After hearing, the judgment in this case, which had been entered on a judgment note, was opened and defendant let into a defence. The plaintiff did not except to the order opening the judgment. Issue was joined and the cause tried on its merits, resulting in a verdict for the defendant. A motion for a new trial was afterwards overruled, and thereupon without

consent of, or notice to, defendant or his counsel, the plaintiff asks leave to file exceptions to the order of court opening the judgment. It seems to me this application comes too late, and it is therefore refused.

Thereupon the plaintiff took an appeal to No. 209, and a writ of error to No. 208, specifying that the court erred:

1. In opening the judgment by the order of October 15, 1886.

2. In submitting the cause to the jury on the trial of the issue on March 14, 1887.

*Mr. H. H. Martin* (with him *Mr. A. F. Martin*), for the plaintiff in error:

Under the act of April 4, 1877, P. L. 53, there is a statutory right in the plaintiff to an appeal from the order opening the judgment. No final judgment upon the application takes place until the issue framed is tried and final order setting the judgment aside or lessening its amount is made: Citizens' B. & L. A. v. Hoagland, 87 Pa. 327. Therefore, if an exception to the order opening the judgment was at all necessary, the proper time to ask for it was when the court refused the motion for a new trial.

1. On the hearing of the rule to open, the only testimony attacking the note was the unsupported testimony of the defendant, who admitted he had signed it knowing its amount. On the contrary, the plaintiff had the note so admitted to have been signed, the testimony of himself, directly contradicting that of the defendant, and that of his daughter that she drew the note and the defendant signed it in her presence without comment. Where there is only the unsupported oath of one of the parties to the instrument, on the one side, and the opposing and contradictory oath of the other party, together with the words of the instrument, on the other side, it is not only error to open the judgment, but it is error in such case to submit the question to the jury: Jackson v. Payne, 114 Pa. 67; Phillips v. Meily, 106 Pa. 536. Such facts are to be presented as will justify a chancellor in reforming the paper: Thorne v. Warfflein, 100 Pa. 519; Nicholls v. McDonald, 101 Pa. 514; Smith v. Insurance Co., 103 Pa. 184; N. & W. B. Ry. Co. v. Swank, 105 Pa. 555.

2. Previous negotiations of parties are presumed to be merged in the written contract. To set aside the written contract on the ground of fraud, the evidence must be clear, precise and indisputable and 'of facts which occurred at the execution of the instrument: Cummins v. Hurlbutt, 92 Pa. 165; N. & W. B. Ry. Co. v. Swank, 105 Pa. 555; Phillips v. Meily, 106 Pa. 536; Morton v. Weaver, 99 Pa. 52; Knarr's App., 19 W. N. 531; Martin v. Berens, 67 Pa. 459.

*Mr. P. D. Bricker* and *Mr. R. P. Allen* (with them *Mr. John G. Reading, Jr.*), for the defendant in error:

1. In the court below, the plaintiff did not except to the order opening the judgment. Issue was joined and the cause was tried on its merits. During the trial, the plaintiff did not ask at any time that the case be taken from the jury; nor did he submit any point to the court upon which to instruct the jury; nor did he except at any time to the charge as a whole or to any part of it. Exception was taken for the first time when the motion for a new trial was refused. We submit that the action of the court was in accord with sound principles of practice.

2. It is the right of a defendant in a judgment confessed against him by virtue of a warrant of attorney, to have it opened upon a prompt application showing a legal or equitable defence existing at the time or before it was entered. The appeal is to the equitable powers of the court, and the court in the exercise of a sound discretion grants or refuses the prayer as a chancellor would: Wise's App., 99 Pa. 193; Kneedler's App., 92 Pa. 428; Hickernell's App., 90 Pa. 328; Saunders's App., 19 W. N. 507. Thudium v. Yost, 20 W. N. 217, finally settles the admissibility of parol evidence to vary a written agreement; and, on an application to open a judgment, it is proper for the court to weigh the evidence and decide according to the preponderance thereof; the Supreme Court will not reverse for the exercise of a sound discretion: Wernet's App., 91 Pa. 319.

OPINION, MR. JUSTICE PAXSON:

This was an appeal by the plaintiff from an order of the court below opening a judgment which he held against Jacob Hager. The plaintiff kept a country store; the defendant was a farmer, and the judgment note in question was given in settlement of their mutual accounts.

After the judgment was opened, the case went to trial, and the jury found a verdict in favor of the defendant. The plaintiff then appealed from the order opening the judgment and also took his writ of error to the jury trial. He assigned for error, first, the opening of the judgment, and second, submitting the case to the jury.

This is in harmony with Citizens' B. & L. Ass. v. Hoagland, 87 Pa. 326, where it was held that when a judgment is opened under the act of April 4, 1877, the plaintiff is not entitled to an appeal until the case has been heard and the judgment entered thereupon, setting it aside or lessening its amount. In other words, the order to open is not a final judgment.

The plaintiff is now entitled to be heard upon the preliminary question of the right of the defendant to have the judgment opened. If it was error to open it upon the facts as they stood when the order was made, it was error to submit the case to the jury, and the trial goes for nothing.

The proper rule in such cases will be found in Knarr v. Elgren, 19 W. N. 531, where it was said by our brother TRUNKEY: " The judgment in this case should not have been opened, nor the evidence submitted to the jury. Until overcome by testimony, that if believed ought to move a chancellor to decree that the writing is void, or should be reformed because of forgery, fraud, or mistake, it must be suffered to stand, though the parties thereto so testify that, under the circumstances, it is difficult to avoid belief that one or the other has committed perjury."

A careful examination of the depositions has led us to the conclusion that it was error to open this judgment. Confining ourselves to what occurred at the time, we have the testimony of the plaintiff and his daughter that the judgment was given in settlement of an amount then due the plaintiff from the defendant as the result of their mutual dealings. The plaintiff says : " When Hager signed the note on January 24, 1885, there was no dispute between us about receipts, except about this buckwheat flour, which I allowed him credit for in order to have a settlement. There was no other conditions upon which the note was signed." The plaintiff is corroborated by his daughter, who was present and drew up the note in the presence of the parties. The defendant testified : " I went up

to Jersey Shore; Mr. English was there in the store sitting by the stove. I says to Mr. English, we can't settle, for I lost my 1879 receipts. Then we got up and went around to his desk, on this lower side, then he, Mr. English, says, you can sign this note then, he says that will keep it open until you find your receipts. Then I signed the note. When I found the receipts I was to come up and then we was to settle the note." There was a great deal of other testimony by defendant and his witnesses as to other matters both before and after the execution of the note. The greater part of it was irrelevant, and referred to transactions about which there was no dispute or which had been embraced in the settlement. Taken together, it was not sufficient to overcome the prima facie evidence furnished by the note itself, supported as it was by the testimony of the plaintiff and his daughter. There was nothing in the case to justify a chancellor in finding that there was either fraud, accident, or mistake in procuring the judgment note, and hence there was nothing by which it could be reformed or set aside.

Upon the question of the reformation of written instruments this court has given no uncertain deliverances. In Phillips v. Meily, 106 Pa. 536, it was said: " It is only where a chancellor would reform the instrument that parol evidence is admissible to contradict it. It is true, under our practice in Pennsylvania, it is accomplished through common law forms. But the fact remains that the defence set up is purely equitable, and the judge ought not to submit the case to the jury unless the evidence is such that he would feel himself bound as a chancellor to reform the instrument. With our modification of the English rule, now too firmly embedded in our system to be disturbed, and our act of assembly which makes every defendant a competent witness, the principle above stated is about all there is left to preserve the sanctity and force of an instrument of writing, whether that instrument be a deed, which is the evidence of a man's title to his home, or an obligation for the payment of money." There was nothing new in this. It was but a repetition of what had been frequently said before and repeatedly since. The same principle will be found declared in Nicholls v. McDonald, 101 Pa. 514; Smith v. Insurance Co., 103 Pa. 177; North and West B. R. Co. v.

Swank, 105 Pa. 555; Cummins v. Hurlbutt, 92 Pa. 165; Morton v. Weaver, 99 Pa. 47; Jackson v. Payne, 114 Pa. 67.

Especially are we not disposed to permit written instruments to be brushed aside upon insufficient evidence, where such instrument is the result of a settlement between the parties. Where it has been procured by fraud, or there has been an accident or mistake in its creation, a chancellor will always relieve. Yet he will only do so when the evidence of the fraud, accident, or mistake is clear, precise, and indubitable. We have said this so often that it ought not to be necessary to repeat it.

> The order of the court below opening the judgment is reversed at the costs of the appellee; and the judgment is reinstated with full force and effect.

#### ENGLISH V. HAGER.

We held in the appeal of Amzi H. English that it was error to open the judgment. It follows that it was error to submit the case to the jury. It is not necessary to repeat what was there said.

> Judgment reversed.