## Jones, Executor of Miles, Appellant, v. Lewis et al.

*Fraud—Collusion—Degree of proof necessary.*

An alleged fraud must be established either by direct proof, or by facts sufficient to warrant a presumption of its existence clearly proved. It is not enough to charge fraud and prove in support thereof slight circumstances of suspicion only.

Argued Feb. 26, 1892. Appeal, No. 294, Jan. T., 1892, by D. M. Jones, executor of Henry Miles, plaintiff, from judgment of C. P. Lackawanna Co., June T., 1880, No. 447, on verdict for defendants, Benjamin Lewis and Thomas Barrowman. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Ejectment.

At the trial before HAND, P. J., the evidence was to the following effect: The legal title to the lot in dispute was in Barrowman, the equitable title was in Lewis under an agreement by which he was paying for the property in installments. On May 12, 1877, there was due about $300. At that time Lewis borrowed from a building association, to which he gave his judgment note for $1,000, in order to improve the property. The note was entered of record May 15, 1872, and the lien kept alive by the building association. The property was sold under an execution issued on this judgment in 1879, and purchased by the plaintiff, who brought this action. Lewis made no defence. Barrowman's defence was that at the time of the sheriff's sale Lewis had no interest, the only interest he ever had having been an equitable interest, which was divested by an amicable action of ejectment with confession of judgment entered into between Lewis and Barrowman, dated May 12, and entered of record May 24, 1877, on which a writ of habere facias possessionem was issued the same day and was executed May 25, 1877. Barrowman paid the costs of the writ, and went with the sheriff and obtained possession of the property, which he leased to Lewis at a rental of $5 per month. Thereafter the property was assessed to Barrowman and he paid the taxes thereon.

. Plaintiff's contention in this case was that the confession of judgment in ejectment was entered into between Lewis and

Barrowman to hinder and defraud creditors. Lewis testified in effect that the arrangement was collusive and was entered into between him and Barrowman for the purpose of defrauding his creditors. In this he was contradicted by Barrowman and two other witnesses.

The court charged, in part, as follows:

"Inasmuch as the plaintiff alleges fraud, it is incumbent upon him to clearly prove the fraud, and this must be clearly gathered from all the evidence in the case. If the testimony fails to *clearly* establish the fraud, then the plaintiff cannot recover." [1]

"We say to you at the outset that the presumptions are in favor of Thomas Barrowman, unless they are rebutted *clearly* by evidence of fraud." [3]

Plaintiff submitted the following point, among others:

"1. If the jury believe that the amicable action of ejectment was entered into between Barrowman and Lewis for the purpose of hindering, delaying or defrauding the Miners' and Laborers' Building Association in the collection of their judgment against Benjamin Lewis, then the verdict should be for the plaintiff. *Answer:* We affirm this. You must understand, however, that Barrowman must have included this purpose within his own mind, as well as Lewis. It was not sufficient that Lewis intended to hinder, delay and defraud his creditors; Barrowman must have knowingly been a party to it. If Barrowman was not a party to this hindering, delaying and defrauding creditors, then your verdict should be for the defendant." [6]

Verdict for defendant, and judgment thereon. Plaintiff appealed.

*Errors assigned* were, among others, (1, 3) the portions of the charge quoted above ; (6) the answer to defendant's point, quoting the point and the answer.

*H. M. Edwards,* for appellant.

*E. Merrifield, S. B. Price* with him, for appellees.

PER CURIAM, March 28, 1892:

This case involved a question of fraud, which was fairly submitted to the jury. Complaint was made, however, that the learned judge instructed the jury that the fraud must be clear-

ly proved. It is not necessary that the evidence of collusion shall be conclusive: Rogers v. Hall, 4 Watts, 359; Confer v. McNeal, 74 Pa. 112. Nor is it essential that the fraud or collusion appear by positive proof; it may be shown by such facts and circumstances as would warrant a presumption of its existence; Brinks v. Heise, 34 Pa. 246; Lowe v. Dalrymple, 117 Pa. 564. At the same time, it is settled law that an alleged fraud must be established, either by direct proof, or by facts to warrant a presumption of its existence clearly proved. This doctrine is distinctly asserted in Brinks v. Heise, supra. In Mead v. Conroe, 113 Pa. 220, the same principle is laid down. In Morton v. Weaver, 99 Pa. 47, it was said by our Brother STERRETT: "If we were to permit judgments and other judicial proceedings to be brushed aside on naked allegations of fraud, and other flimsy pretexts, titles would rest upon a very unsafe foundation. It is not enough to charge fraud, and prove in support thereof slight circumstances of suspicion only. To be of any avail, it must be clearly proved."

There is nothing in the remaining specifications of error which requires discussion.

Judgment affirmed.