# Central Typesetting Company *v.* Ober, Appellant.

*Promissory notes—Use of notes to pay debts of payee—Consideration.*

If one elects to make and deliver his promissory note to another to be used to pay the debts of the latter, and they are so used, the former cannot be heard to defend on the ground that he received no consideration for the notes.

Where promissory notes are drawn for the benefit of a street railway company, and are made payable to a creditor of the company for the purpose of paying the company's debt to the payee, the maker cannot set up as a defense that the notes were delivered to the payee upon condition that the latter would return to the street railway company certain other promissory notes, and that the payee had neglected and refused to perform such condition; nor in such a case can the maker set up as a defense a mere averment that the payee had assigned a portion of the claim against the street railway company to a third person, without any averment of facts to show that the assignment was valid and binding upon the payee, which was a corporation.

Where fraud is set up as a defense to a promissory note sufficient facts must be averred to enable the court to determine whether there was or was not fraud in the transaction.

Argued April 22, 1908.  Appeal, No. 208, April T., 1908, by defendant, from order of C. P. No. 4, Allegheny Co., Second Term, 1908, No. 201, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Central Typesetting Company v. Frank L. Ober.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Benjamin H. Thompson,* with him *Harry J. Graham,* for appellant.—Had the notes in this case been made to the railway company, and by it indorsed to plaintiff, the facts alleged in the affidavit of defense would have been sufficient to put plaintiff to proof that it is a bona fide holder for value: Lerch Hardware Co. v. Bank, 109 Pa. 240; Reeper v. Greevy, 5 Pa. Superior Ct. 316; Gunnis v. Weigley, 114 Pa. 191.

And such would have been the case had the railway company made the notes and appellants indorsed them: Moeck v. Littell, 82 Pa. 354.

And appellee having represented at the time the notes were given that there was $1,200 owing to it, the defense that appellee had previously assigned a portion of its claim is sufficient: Hutchinson v. Boggs & Kirk, 28 Pa. 294.

An affidavit of defense should, where there are any facts in doubt, be sustained and the defendant given a jury trial: Kerr v. Culver, 209 Pa. 14; Brown v. Gourley, 214 Pa. 154; Hatboro National Bank v. Stevenson, 33 Pa. Superior Ct. 144; Marquis v. McKay, 216 Pa. 307.

*Jas. W. Collins,* for appellee.

OPINION BY MORRISON, J., May 14, 1908:

The plaintiff declared upon two certain promissory notes

executed by the defendant, dated October 19, 1907, each for the sum of $468 payable three months after date to the Central Typesetting Company. Upon the declaration, under the law and rules of practice the plaintiff was entitled to judgment, unless the defendant filed a sufficient affidavit of defense, sec. reg. The error assigned is to the action of the court in granting judgment for want of a sufficient affidavit of defense.

In the first paragraph of the affidavit the defendant says: "that the two promissory notes upon which this action was founded were made by affiant for the use and benefit of the Myersdale & Salisbury Street Railway Company and delivered by affiant to W. W. Staub, Secretary of said Street Railway Company; that at the special instance and request of plaintiff they were made payable directly to plaintiff instead of said Street Railway Company upon the faith of plaintiff's representation that there was at least the amount of said note owing to plaintiff by said Street Railway Company; and that said defendant has received no consideration for said notes either from plaintiff or said Street Railway Company."

The affidavit of defense does not set up accident, fraud or mistake in the making and delivery of the notes. Giving full weight to his averments the defendant appears to have given the notes to the secretary of the street railway company, to pay a debt of the latter to the plaintiff, and the notes were used for that purpose. Therefore, it is immaterial whether or not the defendant received any consideration for the notes. He could legally obligate himself for their payment in the manner stated in his affidavit, without receiving any valuable consideration. If one elects to make and deliver his promissory notes to another, to be used to pay the debts of the latter, and they are so used, the former cannot be heard to defend on the ground that he received no consideration for the notes: Philler et al. v. Patterson, 168 Pa. 468. We do not see that such transaction differs in principle from an accommodation indorsement.

The next paragraph of the affidavit avers that defendant's two notes and one made by Charles Reif, Jr., were delivered to plaintiff by the street railway company in payment of a

$1,200 claim of plaintiff against said company; that the notes were delivered to plaintiff with the express understanding and upon the condition that plaintiff, as part consideration therefor, would return to said street railway company certain promissory notes, including one made by R. L. Davis for $1,000 which plaintiff had theretofore received and accepted on account of its claim, and that plaintiff has heretofore refused and still does refuse to return said notes, although often requested so to do, and has since endeavored to negotiate and collect said notes, "but affiant has been unable to ascertain the amounts and names of the makers of said notes other than the Davis note, or whether or not said notes have been paid." The defendant made the notes in suit in favor of the plaintiff but for the benefit and accommodation of the street railway company, and delivered the notes to the secretary of the latter named corporation. It is to be presumed that the secretary of said corporation would make a proper record of said notes and that he would bring the same before the board of directors or managers of his corporation and that the notes were properly delivered to the plaintiff to pay its claim against the street railway company. Therefore, we do not see that the affidavit furnishes sufficient facts to enable the court to say that the defendant is at all concerned in seeing that the plaintiff returns to the railway company the Davis and other notes not identified. For all that we can see the latter corporation may be left to look after those notes and protect its own interests.

The next paragraph avers that the plaintiff, prior to the execution of defendant's notes, on October 10, 1907, for value received, assigned $1,000 of its claim of $1,200 against said street railway company to one Perkins, who has ever since been the owner and holder of that amount of plaintiff's claim. We consider this averment a bare legal conclusion. It does not furnish a copy of the alleged assignment, nor is the substance of it given. In short, no facts are furnished upon which a court can determine that the plaintiff lawfully assigned to Perkins $1,000 of its claim. If such assignment was made, the entity, the corporation did not make it. If made at all,

we should be informed who acted for the plaintiff. Was it the board of directors, or an agent, or an attorney in fact? Perhaps if the facts were all before us it might appear that the alleged assignment was made by someone without authority to bind the plaintiff.

It is next averred that the plaintiff is not an innocent holder of said notes for value in the usual course of business, and that the notes are without consideration and were obtained in fraud of the rights of the defendant, and said street railway company. We have already said all that seems necessary in regard to the consideration and the way the notes came into the possession of the plaintiff.

As to the allegation of fraud, it is a bare assertion not resting on sufficient facts to enable us to say that there was fraud in the transaction.

Fraud is never presumed but it must be clearly proved: Jones v. Lewis, 148 Pa. 234, and cases therein cited.

We are constrained to hold that the affidavit of defense is not sufficient to prevent judgment. Judgment affirmed.