## Laird *versus* Campbell.

1. A composition agreement between a debtor and several of his creditors is valid and binding on all parties thereto, unless it appears that the agreement was contingent upon all, or a certain number of the creditors uniting therein, or the debtor has failed to comply with the terms of the composition.

2. The consideration which supports the agreement of each creditor, in such case, is the undertaking of the other compounding creditors to release their common debtor from a portion of their respective claims.

3. In the absence of a provision in such a composition agreement that all must sign, it is fair to infer that it is intended to be binding on as many as may sign, without regard to the refusal of others.

4. A court has no power to enforce an order to file supplemental affidavits of defence.

5. After filing an affidavit of defence, an objection that the copy of the account was not valid, nor marked filed, nor noted on the docket, has no force.

January 16th 1880. Before SHARSWOOD, C. J., MERCUR,

[Laird v. Campbell.]

GORDON, PAXSON, TRUNKEY and STERRETT, JJ.  GREEN, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county* : Of January Term 1879, No. 142.

Assumpsit by William Campbell against W. W. Laird, on a promissory note drawn by defendant, for $253.13, dated July 2d 1877, to the order of Campbell, and payable five months after date, and upon a book account with entries from September 24th 1877, to October 5th 1877, aggregating $147.

The copy of the note and book account were filed when defendant filed an affidavit of defence, setting forth that Laird, about November 26th 1867, finding himself financially embarrassed, called a meeting of his creditors, and agreed with the majority as follows :

" We, the undersigned, creditors of William W. Laird, hereby agree with him and with each other, that whereas he has become financially embarrassed, and is not able to pay all of his debts in full, and whereas, both he and we are desirous that he should continue to carry on business in the city of Philadelphia, with a view to paying as great a percentage as possible on the debts now due from him to us; and whereas, we recognise the fact that if he should now turn his available assets into cash in order to pay the said debt, we would each and all of us receive less upon our respective claims, and thereby suffer damages, now we, the creditors as aforesaid, do hereby agree with him and with each other, to accept from said Laird, in full of said claims, respectively thirty per centum of the same respectively, namely, as the amounts are hereinafter set forth opposite are names, and to release said Laird upon the payment of the said thirty per centum, from all further liability on said claims : said thirty per centum to be paid to us in the manner hereinafter set forth, namely, ten per cent., without interest, to be paid within six months from the date hereof; ten per cent. in one year from the date hereof, and ten per cent. in eighteen months from the date hereof, the same to be secured by delivering to us the promissory notes of said Laird, endorsed by a satisfactory endorser for the amounts and the terms hereinbefore expressed.

" Witness our hands and seals this twenty-sixth day of November, A. D. one thousand eight hundred and seventy-seven (1877)."

This agreement was signed by twenty-four creditors, the ninth in the order of signing being Campbell.

One creditor failed to sign, but promised Laird publicly, with the knowledge of the other creditors, that he would not pursue him for his debt, and said that he did not care if he did not receive the same for forty years.  The notes were executed according to the agreement, and were accepted by all those who signed, except Campbell, who, when they were tendered to him,

[Laird *v.* Campbell.]

according to the terms of the agreement, refused them without remark.

Campbell took a rule for judgment for want of a sufficient affidavit of defence, and the court after argument ordered a supplemental affidavit to be filed as to whether all the creditors had released or not, and subsequently, in response to a further order of the court that "deponent should state upon oath whether all the creditors signed the agreement," a second supplemental affidavit of defence was filed, wherein defendant stated that one of his creditors had refused to sign, alluding to the one who had made the above-mentioned public promise. The court made the rule absolute, when defendant took this writ, and alleged that the court erred:

1. In ordering that a supplemental affidavit be filed as to whether all the creditors had released or not. 2. In making absolute the rule for judgment for want of a sufficient affidavit of defence. 3. In entering judgment for want of a sufficient affidavit of defence. 4. In entering judgment for plaintiff.

*E. Hunn, Jr.*, for plaintiff in error.—No copy seems to have been filed, according to the docket entries, and the court could not according to practice give judgment for want of an affidavit of defence, nor for want of a sufficient affidavit of defence; because the docket entries are the notice, and as the paper called a copy, appearing among the filed papers, is not marked filed or dated, *non constat* it was filed in time. Notice of rule to plead should be dated. The court said the rule prescribed eight days' notice in writing, which rule was necessarily violated if the notice was not dated: Stokes *v.* Kyle, 2 W. N. C. 427. Judgment cannot be entered for want of a plea unless the rule to plead had been entered upon the docket: Bisbing *v.* Albertson, 6 W. & S. 450. See also Gottman *v.* Shoemaker, 5 W. N. C. 381; Laird *v.* Potts, 6 Id. 56; Rand *v.* Lore, 5 Id. 236.

If several creditors agree to give a discharge on receiving so much per cent., it binds all, for the agreements of all are a consideration: Reay *v.* White, 3 Tyrrwhitt 596. When the plaintiff had, by his undertaking to discharge the defendant, induced any other creditor to accept a composition and discharge the defendant from further liability, he could not afterwards enforce his claim, since it would be a fraud upon that creditor: Wood *v.* Roberts, 2 Starkie 368; 3 English Common Law Rep. 411; Good *v.* Chessman, 2 B. & Ad. 328; Butler *v.* Rhodes, 1 Esp. 236; Smith's Leading Cases, vol. 1, pt. 1, p. 600. A creditor cannot bind himself by a simple agreement to accept a smaller sum, in lieu of an ascertained debt of a larger amount, such an agreement being *nudum pactum*. But if there be any benefit, or even legal possibility of benefit to the creditor thrown in, that additional weight will turn the scale and render the consideration to support the

[Laird *v.* Campbell.]

agreement: Smith's Leading Cases, *supra*, and the cases there cited: Steinman *v.* Magnus, 2 Camp. 124; Bradley *v.* Gregory, 2 Id. 383; Boyd *v.* Hind, 1 Hurlst. & N. 938; Hearn *v.* Kiehl, 2 Wright 147; Rising *v.* Patterson, 5 Whart. 319; Cutter & Co. *v.* Reynolds, 8 B. Mon. 596. A composition need not be signed by all the creditors unless so stipulated: Lehigh Coal & Navigation Co. *v.* Hibbs, 2 W. N. C. 96.

*John G. Johnson,* for defendant in error.—1. The composition agreement is inoperative, inasmuch as it is sealed by partnership firms: Schmertz *v.* Shreeve, 12 P. F. Smith 457.

What we contend for here is, that a consideration of the alleged agreement shows, that it was intended to be signed by all the creditors; and the affidavit discloses, that there was one creditor who refused to sign. The whole defence is to be gathered from this agreement, because what is averred in the second supplemental affidavit as to the agreement by other creditors upon the faith of Campbell's signature, is simply averred, as shown by the agreement itself.

In support of our construction we urge: Knowing, as we must, by reading the agreement, that unless all were bound, the whole object of the compromise would be fruitless, can it be held that the signers meant their agreement to be binding until all, who could interfere with the continuance of the business, were bound not to do so? In Robbins *v.* The Church, 2 W. N. C. 592, the affidavit of defence set up, that the plaintiff said, that if the creditors of the church would release their claims, he would do so; that this proposition was accepted by the creditors, who, in good faith, then cancelled the debts due them. It was held, however, by this court, that because one of the creditors was paid in full, "it certainly destroyed the very purpose of the offer to release, to wit, that all the creditors should forego their claims."

Mr. Justice STERRETT delivered the opinion of the court, January 26th 1880.

The second supplemental affidavit of defence, filed by the plaintiff in error, disclosed the fact that one of his creditors refused to sign the composition agreement in which all the others united. The learned court below considered the defence presented in the three affidavits insufficient, and appears to have based its judgment in favor of the defendant in error solely on the fact above stated. Indeed, it is conceded that in all other respects the defence was full and complete. Assuming then, as we must for the purpose of the present contention, that the allegations of fact, contained in the affidavits, are true, did the refusal of the creditor to sign the agreement render it so far inoperative as to permit the defendant in error to proceed and collect the full amount of his original

[Laird *v.* Campbell.]

claim? We are of opinion that it did not. While the bare agreement of a single creditor to accept from his insolvent or financially embarrassed debtor a smaller sum in lieu of an ascertained debt of larger amount is *nudum pactum*—void for want of consideration—it is now well settled that a composition agreement between such debtor and several of his creditors is valid and binding on all parties thereto, unless it appears that the agreement was contingent upon *all*, or a certain number of the creditors uniting therein, or the debtor has failed to comply with the terms of the composition. The consideration which supports the agreement of each creditor, in such cases, is the undertaking of the other compounding creditors to release their common debtor from a portion of their respective claims. The agreement of each creditor with the others and the debtor constitutes a good and valid consideration. After a creditor has thus agreed to relinquish part of his claim and induced others to become parties to a composition, it would be a fraud on them to permit him to ignore the agreement and collect the full amount of his claim. If authorities in support of this principle be needed, they may be found in 1 Sm. Lead. Cas. 600; Wood *v.* Roberts, 3 E. C. L. Rep. 411; Good *v.* Chessman, 22 Id. 91; Boyd *v.* Hind, 1 Hurlst. & N. 938; Steinman *v.* Magnus, 2 Camp. 124.

But, we do not understand that the correctness of the general principle, as above stated, is questioned by the learned counsel for the defendant in error. His contention mainly is, that the agreement in this case, properly construed, contemplated signing by all the creditors; that inasmuch as one of them refused to sign there never was a valid and binding agreement. He insists that the expression, "We the undersigned, creditors of William W. Laird," means *all* and not a portion of his creditors; that other recitals and expressions, contained in the agreement, as well as its expressed object, indicate that it meant to include *all* creditors. We cannot assent to this as the correct construction of the paper. Full force and effect may be given to every recital and expression it contains by holding that such of the creditors only as would actually sign the agreement were contemplated as parties thereto. If it had been designed to embrace all creditors, some expression clearly indicative of that intent would have been employed. Nothing is more common than to insert in such agreements a provision that they shall not be binding until all or a specified number of creditors shall sign the same. In the absence of any such provision, it is fair to infer that it is intended to be binding on as many as may sign, without regard to the refusal of others. Indeed, it is impracticable in many cases to secure the joint agreement of all the creditors, and in practice it is seldom attempted.

The view we have taken of the agreement, on which the defence is based, renders a consideration of the remaining assignments of error unnecessary; but, in regard to the first, it may be added,

[Laird v. Campbell.]

that while we entertain no doubt as to the right of the court to grant leave to file supplemental affidavits of defence, whenever the original is obscure or otherwise defective; we think it is contrary to well-established practice, under the Affidavit of Defence Act, to require it to be done. If the defendant chooses to stand upon his affidavit, the court may pass upon its sufficiency, but it has no power to enforce an order to file supplemental affidavits. In this case the order was complied with, and no harm resulted to the plaintiff in error. The last assignment is not sustained. After having recognised the note and copy of book account, which accompanied the præcipe, by filing an affidavit of defence, an objection so purely technical at best, loses all its force.

Judgment reversed and a *procedendo* awarded.