## Isaacs *versus* Zugsmith.

1. Authority to compromise a claim cannot be inferred from the relationship of attorney and client.

2. Where the creditors of one who has made an assignment are notified to attend an auditor's meeting for the settlement of the assignee's account and for distribution of the balance, a creditor who is not there in person but is represented by an attorney, will not be charged with knowledge of what takes place at such meeting, in presence of his attorney, relating to a compromise between the creditors and the assignor; nor will he be estopped from bringing suit for the balance due him over and above a dividend made in pursuance of the compromise, although his attorney made no objection to the proceedings and accepted a dividend under them.

3. In such case, offers of testimony in regard to what passed before the Auditor concerning the compromise, made for the purpose of showing the knowledge and consent of the absent creditor to the same, were properly rejected.

March 20th 1883. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON and CLARK, JJ., absent.

ERROR to the Court of Common Pleas No. 2 of *Philadelphia county:* Of January Term 1883, No. 172.

This was an action of assumpsit by Simon Zugsmith, against Isaac S. Isaacs, upon a promissory note made by the defendant to the order of Julien Gallett, and by the latter indorsed to the plaintiff.

On the trial, before FELL, J., the following facts appeared: Before the maturity of the note Isaacs made an assignment for the benefit of his creditors, in the usual form, the proceedings thereunder being in the Court of Common Pleas No. 4 of Philadelphia county.

An auditor was appointed by the court to audit the assignee's account and distribute the balance in his hands. All the creditors except Zugsmith and one or two others, signed an agreement that the account as filed should be affirmed, the balance divided, pro rata, and, provided it amounted to ten per centum of their claims, that they would release the assignor from all further claims on account of his indebtedness to them.

The defendant alleged that those who did not actually sign, agreed to this compromise; that the agreement was proved before the auditor as signed by all but two creditors, and that Zugsmith was represented there, by attorney, and made no objection to this proof; that the fund being likely to fall short, Mrs. Hannah Isaacs, one of the largest creditors, while Zugsmith's attorney was present, withdrew part of her claim so that the compromise might be carried out and the dividend reach

[Isaacs *v.* Zugsmith.]

ten per centum of the claims; that said attorney signed the acceptance of service of notice of the auditor's report, and made no objection to its confirmation. The defendant also alleged that he was alone with Zugsmith when the latter promised to release him, if all the general creditors should agree to the compromise.

Shortly after suit was begun on the note, Zugsmith died and his administratrix was substituted as plaintiff.

Zugsmith's death having deprived the defendant of his own testimony, he offered:

(1) The auditor's report, to show that by the finding of the auditor, as reported, the creditors of said defendant had agreed to release him, the said defendant; this offer being made to preclude a recovery on this note, in this action. Offer refused. Exception.

(2) To prove by a witness what declaration was made by Mr. Isaacs, the defendant, before the auditor in the said assigned estate, and under oath, namely, that Mr. Zugsmith, the plaintiff, had agreed to sign the compromise paper, and that on the faith of this, settlement had been accepted by the other creditors at the dividend reported by the auditor; and that Mrs. Hannah Isaacs, one of the said creditors, represented by the witness, had agreed to let the settlement go through at ten per centum, and to further that end, as the fund was in danger of being short, had withdrawn a portion of her claim, so as to leave the dividends at ten per centum each. Refused. Exception.

(3) To prove by the same witness, that Mrs. Hannah Isaacs, a creditor, had agreed to withdraw a portion of her claim, to pay the auditor and a watchman, provided the creditors agreed to compromise at ten per centum, so that a release of the defendant might occur on the payment of the dividends, and that Mrs. Isaacs, in fulfillment of this agreement, did withdraw a portion of her claim; that Mr. Folz, the attorney of the plaintiff, was present at the time and made no objection, and afterwards received the dividend, being the sum credited in this action. Refused. Exception.

Verdict for the plaintiff, for the full amount of the note, less the dividend of ten per centum received by him from the assignee, and judgment thereon. The defendant took this writ of error, assigning for error, the refusal of the court to admit his offers of evidence as above.

*Joseph De F. Junkin*, for plaintiff in error.—If the defendant in error had been present personally at the auditor's meeting, and the jury had believed the account which we offered to give, he would have been estopped; and such evidence would have been admissible: Guiterman *v.* Landis, 1 W. N. C. 622.

[Isaacs v. Zugsmith.]

This is not altered by the fact that he was not there in person, but by attorney. The attorney was there as the principal would have been, and notice to him was notice to the principal: Wharton on Agency § 178; Silvis v. Ely, 3 W. & S. 427; Hovil v. Pack, 7 East 164; Coleman v. Stark, 1 Oregon 115; Commonwealth v. Moltz, 10 Barr 530; Miller's Appeal, 3 Nor. 395; McClenkan v. McMillan, 6 Barr 367; Young v. Babilon, 10 Nor. 280.

But apart from all the relations between the plaintiff and defendant in the cause, the evidence as to the increase of the fund for distribution or the amount of the dividend, by the withdrawal of a portion of Mrs. Isaac's claim, as stated in the assignment of error, was certainly admissible. The assignee's fund would pay less than ten per cent. In consideration that all the creditors would release the assignor absolutely, upon payment of ten per cent., this lady gave what was practically a cash contribution to each creditor, so as to raise his dividend. The plaintiff's agent and attorney was present and gave no sign of dissent. The fund was subsequently distributed on that basis, and the increased dividend accepted by the agent's or attorney's principal. Can it be, under such circumstances, when the rights of third parties intervene, that the agent's silence, and the acceptance of the fruits of such silence, in no way bind a principal?

*Leon H. Folz* and *David J. Myers, Jr.*, for defendant in error.—The report was proper evidence, to show the amount of the dividend received. But since there was no dispute as to the ten per centum received, which was admitted on the trial, and allowed by the jury in making up their verdict, the offer was properly rejected. The Auditor was appointed, " to audit, settle and adjust the account " of the assignee, and his report is res adjudicata only as to the facts found strictly in the line of his duty: Willis v. Willis, 2 Jones 159; Benson's Appeal, 12 Wr. 159; Sergeant's Ex'r v. Ewing, 6 Casey 81; Cowan v. Gonder, 5 Phila. 15.

Mr. Uhle's testimony was properly rejected. He was called to prove what Mr. Isaacs, the defendant below, testified to before the Auditor. This would clearly have been hearsay evidence, and thus objectionable, as well as for a much stronger reason; to wit, the death of the plaintiff below: Proviso to Act 15th April, 1869, P. L. 30; Harnish, Adm'r, v. Herr, 2 Out. 6; Gamble v. Hepburn, 9 Nor. 439; Hoopes v. Beale, Ibid. 84; Taylor v. Kelly, 30 P. F. S. 95.

There is no evidence in the Auditor's report of any reduction in the claim of Mrs. Hannah Isaacs.

Mr. Justice TRUNKEY delivered the opinion of the court, April 16th 1883.

[Isaacs *v.* Zugsmith.]

An Auditor was appointed by the Court of Common Pleas to audit the account of Solomon Isaacs, assignee of Isaac S. Isaacs, who had assigned in trust for his creditors, and to distribute the balance in the hands of the accountant. Nearly all the creditors having signed an agreement that the account as filed should be confirmed, the balance divided pro rata, and that they would release the assignor from all further claims on account of their debts, it being understood that the balance was about ten per centum of the amount of the debts, and none objecting, the Auditor merely made distribution. Zugsmith did not sign the agreement, and was not present at the audit; but his attorney was present, and after confirmation of the report, received the dividend for his client.

There is no evidence that Zugsmith had any knowledge of what passed before the Auditor in relation to a compromise by the creditors, or of Mrs. Isaacs' release of part of her claim to induce the compromise, or that his attorney had any authority other than is implied by the relation of attorney and client. This is not the case of a creditor who orally agreed to a compromise and wittingly received the per centum on the same footing with the other creditors; but it is where the attorney appeared for his client before an Auditor appointed in course of legal proceedings, in pursuance of due notice, and made no objection to what was said and done by other creditors. The plaintiff in error contends that the creditor is affected as if he had been personally present and afterwards took the dividend, on the ground that by taking it he adopted the implied contract of compromise made by his attorney before the Auditor.

Not a circumstance indicates that the attorney had power to compromise. He was an officer of the court attending to his client's business in a legal proceeding. His duty was to see that a proper share of the fund was appropriated to the claim. That he did. Authority to compromise cannot be inferred from the bare relationship of attorney and client: Mackey's Heirs *v.* Adair, 39 Leg. Intell. 34. Persons dealing with an attorney-at-law respecting his client's business, may justly infer that he has all the power implied by the relation, but not that he has the powers of a general agent to compromise and release debts, or transfer and convey the goods or lands of his client. There must be some proof of agency beyond that implied by the relation, or of a ratification, to bind the client by acts of his attorney not within the scope of his duties as an attorney.

The adjudication on its face shows no distribution of money in excess of the balance in the hands of the accountant, no release of part of any creditor's claim, no warning to a creditor who was not a party to the agreement that his attorney had compromised his rights. It was not the duty of the attorney

[Laber v. Steppacher.]

to inform his client of agreements between other people. The creditors were notified to attend before the Auditor, for settlement of an account and distribution of the balance, not for compromising with their debtor. Had the client, in pursuance of an express notification for a meeting of the creditors to make a composition, attended by attorney, there would be some reason to infer that the attorney had authority to act, and for holding that his knowledge, obtained while acting within the scope of his duties, would be imputed to his client.

As the case stood before the court, foundation had not been laid for admission of the offers of testimony which were rejected.

Judgment affirmed.