# THE SUPREME COURT

OF

# PENNSYLVANIA.

122      1
127    395
122        1
  28 SC ¹420
122        1
ſ 33 SC ¹616

---

## EASTERN DISTRICT—PHILADELPHIA, 1888.

---

### J. P. BROCKLEY v. B. BROCKLEY.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER
COUNTY.

Argued May 16, 1888—Decided October 1, 1888.

1. An agreement between a debtor and a creditor for the acceptance of part of a debt in satisfaction of the whole, is void for want of consideration; but, as one of the exceptions to the rule, it is otherwise where the amount of the creditor's claim is disputed or contingent.
2. The retainer of an attorney at law authorizes him in general to do, in behalf of his client, all acts incidental to a due and orderly conduct of the suit, affecting not the cause of action, but the remedy only.
3. Wherefore, an attorney has no power, merely by virtue of his employment as such, to compromise the claim of his client; to bind the client, there must be proof of a prior authority given, or of a subsequent ratification of the act.
4. Cases may arise where the claim would be seriously imperiled by delay, with no opportunity for consultation, when from the character of the claim, or the attending circumstances, the power to compromise may be implied: Per Mr. Justice CLARK.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS JJ.; TRUNKEY, J., absent.

No. 186 January Term 1888, Sup. Ct.; court below, No 142 April Term 1885.

VOL. CXXII—1                                                    (1)

### Statement of Facts.

On April 17, 1885, an appeal was filed by the defendant from the judgment of a justice of the peace in favor of Bernard Brockley against John P. Brockley, on April 10, 1885, for $93.08. The defendant pleaded, non assumpsit, payment, payment with leave and set-off.

At the trial on August 23, 1887, Bernard Brockley, the plaintiff, testified in substance that of an indebtedness of $900 due from his brother John P. Brockley, the defendant, in September, 1883, all had been paid but $200, when he met the defendant at Los Angeles in California, and was there paid by him $130, leaving a balance unpaid of $70. On cross-examination, he stated that about December 15, 1884, he had brought a suit against his brother before a magistrate in Los Angeles, having a Mr. Clark, as his attorney; that two days after the suit was brought, his brother came to him and said:

"What did you do that for? I have never been sued in my life. I said, 'I done it for the reason to get my money.' He said he hadn't the money now, but he would give it to me if I would withdraw the suit. I said, I have nothing more to do with it: I said Mr. Clark was my lawyer; I think that was the name. He is attending to it for me. Then he managed to fish out of his pocket $130; and $30 of that belonged to the lawyers for fees and expenses. After I got that money, he told me he would pay me the balance; he expected $1,000 through Reed & McGrann, a bank in this town; he told me he would pay me the balance then; and he has not paid me a cent since."

In his case in chief, the deposition of the defendant, taken in Los Angeles, Cal., was read in evidence, from which it appeared that the suit by the plaintiff against the defendant before the Los Angeles magistrate, in which the plaintiff was represented by an attorney, Mr. W. H. Clark, had resulted in a compromise, as claimed by the defendant, evidenced by the following papers proved and attached to the deposition:

BERNARD BROCKLEY    In the Justice's Court for Los An-
          v.                geles township.
JOHN P. BROCKLEY

It is agreed that if defendant in above case shall pay the sum of One Hundred and Thirty Dollars ($130) on or before December 20, 1884, then said case shall be dismissed.        W. H. CLARK,
                                                Attorney for Plaintiff.

Charge of Court below.

BERNARD BROCKLEY

v.

JOHN P. BROCKLEY.                              December 19, 1884.

Received of John P. Brockley, the above named defendant, One Hundred and Thirty Dollars ($130), in settlement of said case. And it is hereby agreed that said action shall be dismissed, and no other claims.

W. H. CLARK,
Attorney for Plaintiff.

The defendant further testified that the papers were made as a final settlement of all differences between the plaintiff and himself; that Mr. W. H. Clark, the plaintiff's attorney, was paid for his services in the matter in the presence of the defendant.

In his rebuttal case, the plaintiff testified, inter alia, that he never saw the said papers until they were produced in court; that his attorney may have given them, but he knew nothing of it.

The court, PATTERSON, J., after briefly referring to the nature of the action, charged the jury:

Then the question you will have to determine is this: Has that $900 been paid? The plaintiff in his testimony before you says it has not all been paid; that all he received was $830 of the $900. They speak of a suit in California, about which there is no dispute, in respect to which they both agree that the plaintiff sued his brother in California, but it was not terminated by suit, and there are submitted receipts and papers that were given by the counsel representing the plaintiff in this suit, and his action would be the action of the plaintiff himself.

One of these receipts reads as follows: "It is agreed that if the defendant in above case shall pay the sum of $130 on or before September 20, 1884, then this suit shall be dismissed." [Well, that is not a receipt in full. It is only agreed to be dismissed.] [1] Then, there is another paper in which the same party, through his counsel, gave a receipt which is a little more positive: "Received $130, in settlement of said case. And it is hereby agreed that said action shall be dismissed, and no other claims," etc. Now, that is equivocal, to say the least. And this same attorney has given a receipt to the effect that, if that money was paid, he would dismiss the suit. Now, if you think that was a payment in full, it would include this pay-

ment. But that testimony of the defendant was taken by deposition in California, and it is liable to be contradicted by the plaintiff here. The plaintiff was called here, and he has a right to be called, to contradict the testimony taken there, and he testifies that it was plainly understood that the suit was to be dismissed if he paid that much money, but it was not a final settlement of his claim; that he had sued for $200, and got $130. [Then the question is, from all this evidence, whether that was a settlement not only of the suit, but a settlement of the claim of the plaintiff. The plaintiff denies that, here, and his oath, therefore, stands against the oath of the defendant; the one stands against the other. It is for you to reconcile this testimony; but if you cannot reconcile it, you will say whom you will believe. If you believe the testimony of the plaintiff, he is entitled to a verdict for $70, with interest.] [2] If you believe the testimony of the defendant, who says that it was a settlement in full of the whole claim here, then the plaintiff cannot recover. . . . . Therefore, the whole case is for you to determine, and you will say whether this defendant should have the $70, or how much he should have, or whether he owes for the interest from the time of the last transaction. [It is a question of fact for you under the evidence. There is no law in the case.] [3] We may say this: when a man owes money, he is bound to pay it, unless he proves he has paid it. We now submit the whole case to you, and ask you to bring in a verdict which will satisfy your own consciences and do justice to the parties.

. The verdict of the jury was in favor of the plaintiff for $87.15. A rule for a new trial having been discharged, judgment was entered upon the verdict when the defendant caused this writ to be taken and assigned as error:

1–3. The parts of the charge embraced in [ ] [1 to 3]

*Mr. J. Hay Brown* (with him *Mr. D. P. Rosenmiller*), for the plaintiff in error:

1. The subject matter of this suit was the same as that of the suit between the parties in California. That suit was finally settled. The money which the plaintiff agreed to accept in settlement having been paid, there was an accord and satisfac-

tion, and the present suit cannot be maintained: Hisa v. Lucas, 14 S. & R. 209; Christie v. Craige, 20 Pa. 430; Keen v. Vaughan, 48 Pa. 477.

2. It was clearly error for the court to charge that the testimony of the plaintiff alone was sufficient to impeach the written instrument in evidence. This court has said many times that an instrument in writing cannot be impeached by the uncorroborated testimony of a single witness: Juniata B. & L. Ass'n v. Hetzel, 103 Pa. 507; Ott v. Oyer, 106 Pa. 6; Penn Iron Co. v. Diller, 113 Pa. 635; North v. Williams, 120 Pa. 109.

*Mr. Benj. F. Davis* (with him *Mr. H. M. Houser*), for the defendant in error:

1. In the alleged accord and satisfaction, the parties must be supposed to have had in contemplation the law of the place where it was made: Hazelhurst v. Kean, 4 Y. 19; Allen v. Union Bank, 5 Wh. 425; Lennig v. Ralston, 23 Pa. 140; and an agreement between a debtor and a single creditor for the acceptance by the latter of an amount less than the debt, in satisfaction, is invalid for want of consideration: Pierson v. McCahill, 21 Cal. 122; Gavin v. Annan, 2 Cal. 494; Deland v. Hiett, 27 Cal. 611 (87 Am. Dec. 102).

2. But again: it is not alleged or proven by any one that plaintiff had given authority to his attorney to compromise the suit for the amount paid. Express authority to the attorney was essential to enable him to bind the plaintiff by the alleged settlement: North Whitehall Tp. v. Keller, 100 Pa. 105; Holker v. Parker, 7 Cranch 452. Moreover, there was no compromise of the entire claim in California, but simply a discontinuance of the suit then pending. The papers produced, are but receipts on account and capable of explanation.

OPINION, MR. JUSTICE CLARK:

The only question to be considered in this case is as to the force and effect of the receipt, dated December 19, 1884, given by Clark on payment of $130. A suit had been brought by Bernard Brockley against John P. Brockley, his brother, in the Justice's Court of Los Angeles township, for the recovery of $200 which the defendant had refused to pay, and the re-

ceipt was given for $130 "in settlement of said case," and with the agreement that the action would "be dismissed and no other claims." The expression, "and no other claims," is of itself perhaps ambiguous, but taken in connection with what precedes it, its meaning is plain. There can be no doubt but that a compromise and settlement of the plaintiff's entire claim in the suit were in contemplation of the writer of this receipt.

An agreement between a debtor and a creditor for the acceptance of part of a debt, in satisfaction of the whole, is void for want of consideration; this rule of law is as well settled in Pennsylvania, as it is in California : Laird v. Campbell, 92 Pa. 470; Pierson v. McCahill, 21 Cal. 122; Deland v. Hiett, 27 Cal. 611. But there are many exceptions to the rule. It is otherwise, for example, where the amount of the claim is disputed or contingent, where there are mutual unsettled demands, where the creditor receives some new benefit or advantage, or, when the agreement is for composition between the debtor and several creditors : Laird v. Campbell, supra ; Chamberlain v. McClurg, 8 W. & S. 31 ; Fleming v. Ramsey, 46 Pa. 252; Brown v. Sloan, 6 W. 421. Assuming that the agreement for acceptance contained in the receipt was duly authorized by the plaintiff, and that the $130 was paid in pursuance thereof, the contract would seem to have been fully executed between the parties, and as there was some sort of dispute existing at the time in reference to the plaintiff's claim, we think the transaction might perhaps be sustained as a compromise and settlement of the plaintiff's entire claim. There is no testimony, however, by the defendant, nor by any other witness, that the writing was made by the personal direction or with the consent of Bernard Brockley. On the contrary, if the latter is believed, he never saw or had any knowledge of it whatever; he says that $130 was all the money the defendant had, that it was received in part payment only, and that the defendant said he would pay the balance. The whole case therefore rests upon the authority of Clark to make the composition, and all the authority he had was by virtue of the relation of attorney and client, which existed between him and Bernard Brockley.

The agreement of an attorney-at-law, within the scope of his employment, binds his client; and his retainer authorizes him

in general to do, in behalf of his client, all acts incidental to a due and orderly conduct of the suit, which affect not the cause of action, but the remedy. This we believe is the rule not only in Pennsylvania, but in the other states. An attorney by virtue of his employment as such, merely, has no general power to compromise the claims of his client: Chaffey v. Dexter (Cal.). 14 Pac. Rep. 980. There may be cases, perhaps, where the claim is seriously imperiled by delay, with no opportunity for consultation, when from the character of the claim or the circumstances attending it, the power to compromise may be implied: North Whitehall Tp. v Keller. 100 Pa. 108 ; but the authority to compromise a claim cannot be inferred from the mere relationship of attorney and client: Mackey's Heirs v. Adair, 99 Pa. 143. "Persons dealing with an attorney-at-law respecting his client's business, may justly infer that he has all the power implied by the relation, but not that he has the powers of a general agent, to compromise and release debts or transfer and convey goods or lands of his client. There must be some proof of agency beyond that implied by the relation, or of a ratification, to bind the client by acts of his attorney not within the scope of his duties as an attorney:" Isaacs v. Zugsmith, 103 Pa. 77. There was nothing in the nature of the claim in suit, or in the circumstances attending the case, to take it out of the general rule; therefore

The judgment is affirmed.

