# Crawford, Appellant, *v.* Krueger.

*Debtor and creditor—Composition agreement—Accord in satisfaction—Consideration.*

Where a creditor is shown a composition agreement by which another creditor agrees to relinquish a part of his claim, and he himself signs a similar agreement which is to be shown to the other creditors, the agreement will be binding, since the benefit which each creditor may derive from the mutual concession, is the consideration which sustains it and makes it an exception to the rule that a creditor is not bound by an agreement to accept less than the amount of an ascertained debt. The fact that one creditor whose claim is disputed was not a party, does not invalidate the settlement, the agreement not being contingent upon all the creditors settling.

Argued Nov. 4, 1901. Appeal, No. 122, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1900, No. 546, on verdict for plaintiff in case of Rufus C. Crawford, Executor of L. M. Horn, Deceased, v. Oscar E. Krueger, with notice to Lorenz T. Yoder and F. T. Lusk, impleaded with Walter C. Randolph and W. H. Brown, Terre-Tenants. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Scire facias to revive a judgment. Before EVANS, J.

At the trial it appeared that the original judgment was for $1,500. This judgment was entered in 1895. In 1898 defendant began negotiations with his creditors for a settlement. As a result of these negotiations the creditors with knowledge of each other's actions signed composition agreements, that of the plaintiff being as follows :

"PITTSBURG, PA., Dec. 9th, 1898.

"To whom it may concern :

"This is to certify that R. C. Crawford, executor of Louisa M. Horn, in consideration of $100.00 to be paid him by O. E. Krueger, will satisfy the judgment of Louisa M. Horn vs. O. E Krueger, at No. 352, May Term, 1895, D. S. B. ; payment to be made within six months.

"T. F. NEWLIN,
"Attorney for R. C. CRAWFORD, Ex."

The agreements signed by the other creditors were of similar tenor.   One creditor whose claim was disputed was not a party.

The court gave binding instructions in favor of plaintiff for $100 with interest.

Verdict and judgment for plaintiff for $118.50.   Plaintiff appealed.

*Error assigned* was above instruction.

*S. S. Robertson*, with him *C. T. Moore*, for appellant.—In a composition with creditors the promise of the debtor to pay, or payment by him of a portion of the debt, is not the consideration for the promises of the creditors to forego the balance: Greer v. Shriver, 53 Pa. 259; Fitch v. Sutton, 5 East, 230; Good v. Cheesman, 2 Barn. & Adol. 335; Perkins v. Lockwood, 100 Mass. 250; Eaton v. Lincoln, 13 Mass. 424; Bigelow v. Baldwin, 1 Gray (Mass.), 245; Fellows v. Stevens, 24 Wend. 294; Murray v. Snow, 37 Iowa, 410; Falconbury v. Kendall, 76 Ind. 260; Robert v. Barnum, 80 Ky. 28; Pierce v. Jones, 8 So. Car. 273; Brown v. Farnham, 48 Minn. 317; Paddleford v. Thacher, 48 Vt. 574; Boyd v. Hind, 1 Hurl. & N. 938.

There was no consideration for the alleged agreement: McNutt v. Loney, 153 Pa. 281.

*J. M. Stoner*, for appellees.—A composition agreement between a debtor and several of his creditors is valid and binding on all parties thereto, unless it appears that the agreement was contingent upon all or a certain number of the creditors uniting therein, or the debtor has failed to comply with the terms of the composition: Laird v. Campbell, 92 Pa. 474.

OPINION BY MR. JUSTICE FELL, January 6, 1902:

There was no dispute as to the facts at the trial and the case turned on the effect of the agreement between a creditor and his debtor for the discharge of a debt.   If a composition agreement, it was valid and prevented a recovery.   The form of a composition agreement is immaterial if the essential elements of concession to an insolvent or embarrassed debtor, and mutuality of contracts between the creditors are present.   Such an

agreement is not with the debtor only, but between the creditors as well, each acting on the faith of the promise of the others to relinquish a part of his claim, and the benefit which each may derive from the mutual concession is the consideration which sustains the agreement, and makes it an exception to the rule that a creditor is not bound by an agreement to accept less than the amount of an ascertained debt.

The defendant owed a few thousand dollars, and had but a few hundred. He proposed to his creditors that instead of using his money to procure a discharge in bankruptcy, he should distribute it among them in discharge of his indebtedness. The plaintiff either personally or through an attorney who was fully authorized to act for him, assented to this proposition and agreed upon an amount for which he would give a release. He was told who the other creditors were, the amounts due them, and what each was to receive in settlement. He was shown an agreement with one of them and was asked to sign a similar agreement to be shown the others. He prepared and executed an agreement addressed "To whom it may concern," in which he stated the terms on which he would settle. Manifestly the purpose in executing an agreement in this form was to promote a settlement, and it was given with the express understanding that it should be shown to the other creditors to induce them to settle, and it was shown them. This was not a separate settlement with a separate creditor, but a joint agreement between creditors, and a good composition. The fact that one creditor whose claim was disputed was not a party, does not invalidate the settlement, as the agreement was not contingent upon all the creditors' settling : Laird v. Campbell, 92 Pa. 470.

The judgment is affirmed.