# Ives, Appellant, *v.* Scranton Textile Company.

*Contract—Composition agreement—Insolvent corporation—Debtor and creditor.*

1. A composition agreement between a debtor and his creditors is valid and binds all parties thereto. The undertaking of the other compounding creditors to release the debtor from a part of their claims is a consideration which supports the agreement of each creditor. After a creditor has thus agreed to relinquish part of his claim and induced others to become parties to a composition, it would be a fraud on them to permit him to ignore the agreement and collect the full amount of his claim.

2. Where a proposition is made to the creditors of a hopelessly insolvent corporation that they accept in lieu of their claims twenty-five per cent in cash and seventy-five per cent in the stock of the company, and all of the creditors accept the proposition, but the acceptance of one of them is coupled with a condition that the stock shall be taken off his hands in two years by two persons designated by name, and such persons execute an agreement to take such stock in two years, the creditor is bound by the composition agreement and must accept the cash and stock as provided by it.

Argued March 7, 1912. Appeal, No. 41, March T., 1912, by plaintiffs, from order of C. P. Lackawanna Co., Oct. T., 1911, No. 0,000, discharging rule for judgment for want of a sufficient affidavit of defense in case of George H. Ives and E. W. Ives, trading as the Eureka Lumber Company, v. Scranton Textile Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for lumber sold and delivered.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Cornelius Comegys,* for appellant.—An affidavit which sets up a substituted agreement, or an extension of time

for payment, must allege a consideration therefor: Mellon v. Simpson, 52 Pitts. Leg. J. 322; Argall v. Cook, 43 Conn. 160:

An acceptance must be unconditional and identical with the terms of the offer: Slaymaker v. Irwin, 4 Whart. (Pa.) 369; Beers v. Cornelius, 1 Pitts. 274; East Pennsylvania R. R. Co. v. Schollenberger, 54 Pa. 144; Bruggeman v. Larzelere, 14 W. N. C. 108; Juniata County v. McDonald, 122 Pa. 115; American Pavement Co. v. Wagner, 139 Pa. 623; Vincent v. Woodland Oil Co., 165 Pa. 402.

*C. H. Welles,* of *Welles & Torrey,* for appellee.—A composition agreement between a debtor and several creditors is valid and binding on all parties thereto: Laird v. Campbell, 92 Pa. 470; Hearn v. Kiehl, 38 Pa. 147.

A very slight advantage to one party, or a trifling inconvenience to the other, is a sufficient consideration to support a contract even in parol: Harlan v. Harlan, 20 Pa. 303; McClymonds v. Stewart, 2 Pa. Superior Ct. 310; Christie v. Craige, 20 Pa. 430; Hind v. Holdship, 2 Watts, 104; Beers v. Robinson, 9 Pa. 229; Bellas v. Fagely, 19 Pa. 273.

Opinion by Henderson, J., April 23, 1912:

The defendant company having become financially embarrassed and a receiver of its property having been appointed by the United States district court a committee representing a majority of the stockholders and a majority of the holders of the company's securities not covered by mortgages was appointed to submit a proposition for the composition of the defendant's liabilities. Pursuant to this appointment the committee made a proposition to all of the creditors except mortgagees that payment be made in full to those having claims amounting to less than $100 and that all having claims in excess of that amount agree to accept twenty-five per cent in cash and seventy-five per cent of the capital stock of the company, the company having the right to redeem such

issue of its capital stock at par at any time within five years from date of issue. The proposition contained the stipulation that when the creditors signified their acceptance thereof the parties in interest would at once pay the cash payment of twenty-five per cent and as rapidly as possible transfer the shares of stock. This proposition was presented to the plaintiffs and on April 28, 1911, was accepted in writing in these words: "We will take the twenty-five per cent cash and balance in stock, if in two years Mr. Jones or Mr. Johnson will take it off our hands." On May 15, the committee replied to this proposal as follows: "We accept your proposition as stated in letter of April 28, 1911." All the creditors having accepted the proposition the receiver by direction of the court turned over the assets of the company to its officers to the end that the compromise and composition might be carried out. On June 19, 1911, a check of the defendant was tendered to the plaintiffs and a certificate for the shares of stock to which they were entitled under the agreement. This tender was refused by the plaintiffs and suit was brought for the amount of their claim, the objection being that Johnson and Jones had not entered into an agreement in writing to take the stock off the plaintiffs' hands in two years. Exceptions were filed to the affidavit of defense and at the hearing on the rule the court directed that if Mr. Johnson and Mr. Jones file within thirty days a stipulation in writing to take the stock from the plaintiffs in two years the rule for judgment should be discharged. This was done and a new tender of the twenty-five per cent in cash and the stock was made to the plaintiffs. It is a principle well settled in this state that a composition agreement between a debtor and his creditors is valid and binds all parties thereto. The undertaking of the other compounding creditors to release the debtor from a part of their claims is a consideration which supports the agreement of each creditor: Crawford v. Krueger, 201 Pa. 348. After a creditor has thus agreed to relinquish part of his claim and induced others to become

parties to a composition, it would be a fraud on them to permit him to ignore the agreement and collect the full amount of his claim: Hearn v. Kiehl, 38 Pa. 147; Laird v. Campbell, 92 Pa. 470. This new agreement, therefore, took the place of the original liability of the defendant to the plaintiffs. The property of the company was in the hands of the receiver and the real estate was about to be sold by the sheriff. The directors informed the plaintiffs and other creditors of the state of their affairs from which it appeared that there would be a very small percentage for distribution. Some of the stockholders having confidence in the future business of the company were ready to contribute to aid in carrying out the composition settlement. The acceptance by the plaintiffs of the proposition constituted the contract. This acceptance contained a condition, however, that Mr. Johnson or Mr. Jones should agree to take the stock of the company off the plaintiffs' hands in two years. This Mr. Johnson did in voting as a director to accept the plaintiffs' condition. There was nothing in the modified acceptance of the proposition by the plaintiffs which provided that this agreement to take the stock off their hands should be in writing, but when that demand was made by the plaintiffs Mr. Johnson and Mr. Jones complied. There was a full execution of the agreement of composition. It was binding therefore on the plaintiffs. The opinion of the learned judge who heard the case is well supported by authority.

The judgment is affirmed.