## Ramsdell Packing Company v. Cohen et al.

Lloyd O. Hart, for plaintiff; David H. Weiner, for defendants.

HUGHES, J., June 9, 1930.—The plaintiff's statement of claim avers that the defendants, by oral contract, purchased merchandise totaling $390, and this merchandise was delivered, received and accepted by the defendants. Paragraph 3 of the the plaintiff's statement of claim sets forth: "On account of said total purchase price of $390, defendants are entitled to a credit of $22 for freight, leaving a balance due of $368, with interest, as above stated, all of which is now due and payable from defendants to plaintiff."

The defendants' answer admits all the averments of the plaintiff's statement of claim except paragraph 3, which they answer as follows: "The defendant admits that the total of said purchase price was $390, and there was a credit to which they were entitled of $22, leaving a balance of $368, but denies that the said balance is due and payable to the plaintiff by the defendants. The defendant avers that on or about Sept. 18, 1929, the said plaintiff, through its attorney, Lloyd O. Hart, communicated an offer to the defendants that, in consideration of the cash payment thereof, it would accept the sum of $184 in full payment and satisfaction of their said balance. That the said defendants, through their attorney, David H. Weiner, accepted the said offer of said plaintiff, and on Sept. 18, 1929, accepted the said offer in writing and delivered to Lloyd O. Hart, as attorney for the said plaintiff, a check of their attorney, the said David H. Weiner, in the amount of $184, dated Sept. 18, 1929, drawn to the order of Lloyd O. Hart, attorney, on the Union Trust Company of Washington, Pennsylvania, being check No. 298, which said check was received and accepted by the said Lloyd O. Hart, as attorney for the plaintiff, in accordance with the offer aforesaid. The defendant admits that the said check was never presented for payment, but avers that they have been, and still are, ready and willing to pay the said check upon presentment or to pay the said amount in cash." The plaintiff has moved for judgment for want of a sufficient affidavit of defense.

An agreement between a debtor and creditor for the acceptance of part of a debt in satisfaction of the whole is void for want of consideration. From the answer of the defendants, this is all that was attempted by the attorneys for the parties in this case. There is no averment that the plaintiff consented to the arrangement his attorney is alleged to have made or that it was acquiesced in or ratified by the plaintiff in any manner. An agreement of an attorney within the scope of his authority binds his client; and his retainer authorizes him to do, in behalf of his client, all acts incidental to a due and orderly

conduct of the suit, which affect not the cause of action, but the remedy. An attorney, by virtue of his employment as such, merely, has no general power to compromise the claims of his client, and no such authority can be inferred from the relationship of attorney and client. There must be some averment of agency or authority beyond that implied by the relation, or of a ratification, to bind the client by acts of his attorney not within the scope of his duties as an attorney: Isaacs v. Zugsmith, 103 Pa. 77; Brockley v. Brockley, 122 Pa. 1; Manieri v. City of Philadelphia, 10 D. & C. 292.

There are no such averments in this case. However, the defendant has requested that an opportunity be given him to amend his pleadings.

And now, June 9, 1930, the defendant is granted ten days in which to file an amended affidavit of defense, otherwise judgment is directed to be entered for the plaintiff for want of a sufficient affidavit of defense, the prothonotary to liquidate the amount of the claim.

From Harry D. Hamilton, Washington, Pa.