# Commonwealth, ex rel., v. O'Connor et al., Executors

R. H. Klein, for plaintiff; J. A. Welsh, for defendants.

MORGANROTH, P. J., February 19, 1934.—This is an action of assumpsit tried before the court, sitting as judge and jury by agreement of counsel, for recov-

ery of a balance due for the care and maintenance of Patrick O'Connor, who was a patient at the Danville State Hospital. Patrick O'Connor was a son of the decedent, whose executors are made defendants in the action.

As is said in Boles' Estate, 19 D. & C. 366, the cost of maintaining an indigent incompetent person in an institution maintained at public expense, under the Act of June 1, 1915, P. L. 661, is recoverable from the estate of the deceased parent of the incompetent as a debt of the parent, although no claim therefor was ever presented during his lifetime nor any order obtained against him. But this case presents a state of facts which takes it without that general rule.

The decedent in his lifetime, on June 9, 1930, made a payment of $200 to the State hospital, and the authorized agent of the Department of Revenue issued a receipt therefor in "full payment of the cost of care and maintenance of Patrick O'Connor at $200 a year rate to July 1, 1930". And again, on December 18, 1930, decedent made a payment of $100 and received a receipt for "payment on account—6-month period from July 1, 1929 [sic], to December 31, 1930, at $100 every 6 months". The executors, on July 25, 1931, made payment of $100 by check. Patrick O'Connor was not a patient at the hospital after May 4, 1931. Counsel for the plaintiff contends that the payments were made at the rate of $200 a year and do not cover the amount of the actual cost of keeping the patient, that there was no proof of any compromise arrangement between Charles O'Connor and the Commonwealth of Pennsylvania, and that the only effect which can be given the checks or the receipts is as payment on account of the claim. Were we to adopt this view, we would charge the Commonwealth with sharp practice, and this we will not do. When the agent of the Commonwealth issued a receipt stating that $200 was full payment of the cost of care and maintenance at a $200 a year rate, the parent of the patient or the parent's estate should be required to pay no more. If it was the intention of the Commonwealth to demand further payment from his estate after the parent had died, a receipt in full should not have been given, nor a subsequent receipt for a 6 months' period "at $100 every 6 months". The receipts should have shown the payments to have been on account, or that there was a balance due to be computed in the future. No plaintiff, and especially the Commonwealth in its money transactions with its citizens, should be permitted to exact payment from a dead man's estate after issuing a receipt in full to decedent in his lifetime, albeit that receipt is afterward explained as not meaning what is said—"in full".

Brockley v. Brockley, 122 Pa. 1, cited by the learned counsel for the plaintiff, has no application here.

In view of the above determination of the facts of the case, further discussion of the other questions raised on argument is unnecessary.

And now, February 19, 1934, verdict and judgment for defendant.