Rosenblum, Appellant, et al. *v.* Edwards.

34

Argued May 5, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*John C. Bane, Jr.,* with him *Seward H. French, Jr., Reed, Smith, Shaw & McClay,* and *Sidney E. Rosenblum,* for appellant.

*Nathan Routman,* with him *Harvey E. Moore,* for appellee.

OPINION BY KELLER, P. J., September 27, 1939:

This is an appeal by a plaintiff from a judgment entered on a verdict in favor of the defendant, following the opening of a judgment, which had been confessed on a warrant of attorney contained in a written lease for premises, formerly occupied by the defendant as a tenant.

The plaintiff did not appeal from the order opening the judgment, as he might have done under the Act of May 20, 1891, P. L. 101; but his failure to do so did not take away his right to have the order of the court opening the judgment reviewed after the issue was tried and final judgment entered: *Schomaker v. Dean,* 201 Pa. 439, 50 A. 923; and if it was error to open the judgment upon the facts as they stood when the order was made, it was error to submit the case to the jury, and the trial goes for nothing: *English's App.,* 119 Pa. 533, 13 A. 479.

In his supplemental brief, appellant practically conceded that the evidence on the *trial of the issue* warranted the verdict of the jury, for he says:

"The evidence taken at the jury trial is of no consequence, unless the judgment was properly opened to allow a jury trial. Since the evidence, as discussed in the printed brief, clearly indicates that the judgment should not have been opened, the subsequent jury trial must be treated as a void proceeding ......

"It therefore follows that the appellee, in attempting

to bolster his case by quotations of testimony and inferences from the record at the jury trial, has failed to meet the fundamental contention of the appellant, i. e. that the testimony taken at the hearing on the petition to open the judgment was insufficient to warrant the opening of the judgment."

As we are satisfied that the verdict of the jury was warranted by the evidence on the trial, we shall confine ourselves to the 'fundamental issue' thus raised by the appellant.

The facts as they appear from the petition to open the judgment, the answer thereto, and the testimony on the hearing to open may be summarized as follows:

David Edwards, the appellee, was the tenant of a certain storeroom at No. 8 West State Street, Sharon, Pennsylvania, owned by the appellant, A. M. Rosenblum, and several co-owners, appellant's share being an undivided one-third interest. The lease was dated July 1, 1929, and was for a term of five years at a rental of $150 a month. By agreement of all parties, the rental was subsequently, on November 1, 1931, reduced to $120 a month. Edwards, the tenant, removed from the premises on or about March 31, 1932, and delivered the key to David Rosenblum, one of the owners.

On May 5, 1936 judgment was confessed by Sidney Rosenblum, Esq., a son of appellant, against David Edwards, on a warrant of attorney contained in the lease, for $2937.38, which included an attorney's commission of $139.88, thus fixing the default in payment of rent at $2797.50.

On June 10, 1936, on petition of David Edwards, the defendant, a rule was granted on the plaintiff, A. M. Rosenblum, to show cause why the judgment should not be opened and the defendant let into a defense. And on the same day, all of the other owners of said leased premises, being the owners of the undivided two-thirds thereof, presented their petition to the court setting forth that the defendant Edwards was not indebted to

them in any sum whatever under said lease; that they had released him of all liability for their respective shares under said lease; and praying leave to satisfy said judgment to the extent of their interest therein, to wit, two-thirds, or $1865, and that the judgment and proceedings thereon be discontinued as to their interest therein; which was granted, and the judgment was reduced to $932.50, the interest of A. M. Rosenblum therein, and attorney's commissions.

The facts developed in the petition to open and the answer thereto and in the testimony taken on the hearing to open the judgment, may be stated as follows— (as the verdict of the jury was in favor of the defendant, Edwards, any conflict of testimony between him and the appellant, A. M. Rosenblum, should be resolved in the defendant's favor, in so far as it was corroborated by other testimony at the hearing or the circumstances in the case then present):

Early in March 1932, Edwards found that he could not keep up his payments on the lease. He was behind in his rent $490. He called on A. M. Rosenblum and told him that he was not doing enough business—he was a jeweler and optometrist—to pay the expenses of operating the store, and it was a question of being released from the lease or forced into bankruptcy. At first Mr. Rosenblum refused to release him. Edwards then told him—what was the fact—that he would absolutely have to go into bankruptcy if he was not released, and Mr. Rosenblum then said: "Well, if you will get us another tenant we will release you." To which Edwards replied, "I'll see what I can do." Edwards then consulted the other owner interests and finding them agreeable to A. M. Rosenblum's suggestion, he looked about for a tenant to take over his lease and finally obtained one Oscar M. Sandell, a baker, who was willing to take over Edwards' lease for the balance of the term, at the reduced rental, $120 a month. A meeting was called, which was attended by Edwards, Sandell and all the

owner interests except A. M. Rosenblum, and he was represented by his son, Sidney Rosenblum, Esq., but with authority only to report the proceedings to him. What took place at that meeting is corroborative of Edwards' testimony as to his prior meeting and arrangement with A. M. Rosenblum. Edwards recited the proposal and produced Sandell as the prospective tenant. Sandell agreed to take over the lease and pay the rental as reduced by the agreement of November 1, 1931, $120 a month. The owners present expressed themselves as satisfied. Edwards received no word from A. M. Rosenblum expressing his dissatisfaction with the tenant produced, and he accordingly moved out on March 31, 1932, and took no steps towards filing a voluntary petition in bankruptcy. He paid David Rosenblum $25 on account of the back rent and arranged to pay the balance $465. It happened, however, that subsequently some controversy arose over the new tenant's, Sandell's, moving into the vacated premises. He was the tenant, under an oral lease or arrangement, of a store room in another building—(Carver Building)—owned by the Rosenblums in different interests, A. M. Rosenblum's interest in that building being a one-fifth, and the others, four-fifths. Some dispute apparently arose as to whether Sandell's lease in the Carver Building could be surrendered by him,—whether it was on a monthly or yearly basis—and, as a result, he did not move into the room which Edwards had vacated; but all the Rosenblum interests, except A. M. Rosenblum, recognized the arrangement and released Edwards of liability for further rent. They were willing to have Sandell move from the Carver Building into the State Street store.

Sometime after Edwards had moved out he was accosted by A. M. Rosenblum and asked who gave him permission to vacate the room. He replied, "Why, you did—You told me if I would secure a tenant you would release me." To this Rosenblum made no reply, nor did he indicate then or at any time, prior to his enter-

ing up the judgment, over four years later, that he disavowed the arrangement and would hold Edwards responsible for the rent for the balance of the term of the lease.

There are other matters which strengthen the appellee's position, but we think the foregoing was sufficient to justify the court below in opening the judgment and submitting the issues to a jury.

A landlord can make a valid agreement to release a tenant provided he secures some one else to take his place. The agreement of the new tenant to be bound for the *balance of the term*—and if for less than three years it does not have to be in writing—is a sufficient consideration for the release of the old one. If the agreement is in the nature of a composition between the debtor and several creditors, it is valid, the consideration which supports the agreement of each creditor, in such case, being the undertaking of the other compounding creditors to release their common debtor from their respective claims: *Laird v. Campbell*, 92 Pa. 470; *Brockley v. Brockley*, 122 Pa. 1, 6, 15 A. 646; *Crawford v. Krueger*, 201 Pa. 348, 349, 350, 50 A. 931; *Ives v. Scranton Textile Co.*, 50 Pa. Superior Ct. 83. Impending bankruptcy furnishes a sufficient ground for a legal reduction of a tenant's rent; and the giving up by an insolvent debtor of his right to be discharged of his debts as a bankrupt furnishes a sufficient legal consideration for the agreement of his creditor, who holds a claim dischargeable in bankruptcy, to accept a percentage of his claim in full satisfaction thereof: *Melroy v. Kemmerer*, 218 Pa. 381, 67 A. 699; 1 C. J. S. 509. It would be sufficient consideration for an agreement to accept a new tenant in place of one in financial difficulties. See also *Ebert v. John*, 206 Pa. 395, 398, 55 A. 1064. A landlord may be estopped from enforcing his claim for rent against one of two partners who are liable as tenants under the lease: *Fried v. Fisher et al.*, 328 Pa. 497, 196 A. 39.

A. M. Rosenblum having knowledge that, pursuant to his own proposal, Edwards had procured a tenant who was satisfactory to all the other owners, and that, accordingly, he would vacate the premises at the end of the month, good faith and fair dealing required of him (Rosenblum) that he promptly express his dissatisfaction with the tenant produced; otherwise his approval or acquiescence might be inferred. His conduct might estop him from subsequently acting to the contrary.

In its opinion opening the judgment, the court said: "While a judgment should not be opened, as a general rule, upon defendant's oath alone where he is contradicted by the testimony of the plaintiff, yet where there are corroborative circumstances, or circumstances from which inferences may be drawn corroborating the defendant, it is proper to open a judgment and refer the question to the jury. *Cloud v. Markle,* 186 Pa. 614. It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than oath against oath *is* a familiar rule in chancery practice. When there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide to which side the scales incline. If he is in doubt upon this question, or as to the credibility of the witnesses, a prudent course would suggest the aid of a jury. *McCarty v. Emerick,* 111 Pa. Superior Ct. 463. In *Weber v. Roland,* 39 Pa. Superior Ct. 611, the Superior Court approved the action of the trial judge and stated that the latter had taken the prudent course notwithstanding the fact that on the trial of the cause the same judge was convinced that the allegations of the petition to open were not sustained and withheld the consideration of it from the jury. We do not express any opinion as to the ultimate truth of the matter in controversy, but it seems to us that the testimony is of such a character

as to fairly raise the question as to the agreement to discharge defendant from liability."

A review of the original record—the case, notwithstanding the appearance for appellant of several eminent counsel, was heard by us *in forma pauperis*—has not convinced us that the court was guilty of an abuse of discretion in opening the judgment; and the verdict of the jury in favor of the defendant is confirmatory to some extent of the action of the court.

The assignments of error, applicable to the appeal as presented, are overruled; those not applicable are dismissed.   Judgment affirmed.