## Klopfer, Appellant, v. Ekis.

|155    41|
|39SC 616|

*Opening judgment—Discretion—Review.*

The Supreme Court will not interfere with the action of the lower court in opening a judgment and submitting the case to a jury, where the evidence is conflicting, and there is doubt as to the weight of the evidence, or as to the credibility of the witnesses.

Argued Nov. 3, 1892. Appeals, Nos. 178 and 274, Oct. T., 1892, by plaintiff, C. P. Klopfer, from orders of C. P. No. 2, Allegheny Co., July T., 1891, No. 261, and April T., 1878, No. 588, making absolute a rule to open judgment. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Rules to open judgments.

The petition for the rule averred that, in 1873, defendant purchased a house and lot on Forty-fourth street, Pittsburgh, Pa., from C. F. Klopfer for about $2,700, and gave his judgment bond and mortgage for $2,400, payable in six annual installments of $400 each, with interest, dated Feb. 11, 1873. That defendant took possession and made payments amounting to about $900. Defendant being unable to meet his payments, plaintiff, on or about December, 1875, suggested that the property be sold on the mortgage and plaintiff would purchase and hold it in satisfaction of the debt to be redeemed on payment of $1,000. Pursuant thereto, the mortgage was foreclosed and on March 6, 1876, the property was sold to plaintiff for $100. Defendant procured a loan of $1,000 from a building and loan association, but plaintiff then demanded $1,100, and when that was offered demanded $1,200, and when defendant called upon plaintiff to make a deed he refused.

That plaintiff afterward issued execution on the judgment entered on the bond, and on Jan. 1, 1877, sold other land of defendant in Bakerstown, Allegheny county, worth $1,500, which he purchased for $60.

That, some time after the sale of the Bakerstown property, plaintiff, intending to release defendant from further liability, delivered up the original bond (a copy having been filed with

the judgment) to Francis Laube, who delivered said bond to defendant and defendant burned it.

That petitioner learned for the first time in the latter part of August, 1891, of the judgment July T., 1891, No. 261, it having been entered on two returns of nihil.

The petitioner further represented that said judgment and mortgage had been fully satisfied and paid, by plaintiff having received about $900 cash, the Bakerstown property, worth $1,500, and the property for which said bond and mortgage were given ; that plaintiff was estopped and precluded from proceeding to collect alleged balance of purchase money ; that the debt had been discharged, extinguished and canceled.

Plaintiff filed an answer denying all the material averments of the petition.

The testimony taken for and against the rule was contradictory. The court, EWING, P. J., made absolute the rule to open both judgments, at No. 261, July T., 1891, and at No. 558, April T., 1878.

*Errors assigned* were in making rules absolute.

*J. M. Swearingen*, for appellant, cited: Lomison v. Faust, 145 Pa. 8; N. Y. Gas Coal Co.'s Ap., 30 Pitts. L. J. 243 ; English's Ap., 119 Pa. 539; McVeagh v. Little, 7 Pa. 279 ; Knarr v. Elgren, 19 W. N. 531.

*F. S. Bowser*, *Chas. A. Sullivan* and *Lev. McQuistion*, for appellee, not heard, cited : Jenkintown N. Bank's Ap., 124 Pa. 337 ; Harrison v. Soles, 6 Pa. 393 ; Sweetzer's Ap., 71 Pa. 264 ; Logue's Ap., 104 Pa. 136 ; Savage v. Everman, 70 Pa. 318 ; Licey v. Licey, 7 Pa. 251.

PER CURIAM, January 3, 1893 :

In Jenkintown National Bank's Appeal, 124 Pa. 345, it was said by this court : " It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than oath against oath is a familiar rule in chancery practice. When there is more than this, and it comes to the question of the weight of the evidence, it is for him to decide to which side the

scales incline. If he is in doubt upon this question, or as to the credibility of the witnesses, a prudent course would suggest the aid of a jury. This rule provides a reasonable margin for the exercise of the discretion of the court below, which this court will hesitate to interfere with."

This rule was adopted after a careful consideration as a guide to the common pleas judges in applications of this kind. We think the action of the learned judge below comes within the reasonable margin there referred to. His order opening the judgment is

Affirmed.