McCarty et al., Appellant, *v.* Emerick.

464

Argued October 23, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*D. Cress Reiley*, and with him *B. F. Madore*, for appellant.

*Alvin L. Little*, for appellee.

OPINION BY JAMES, J., February 1, 1934:

The court below made absolute a rule to open a judgment on a non-negotiable judgment note, dated July 26, 1930, in the sum of $100. Depositions were taken in support of the rule by the petitioner but no testimony was offered by respondent. The depositions in support of the rule estab-

lished that C. L. McCarty, of Columbus, Ohio, the original payee of the judgment note, represented to George H. Emerick, defendant, and others, that he was in the business of selling Belgian stallions; that he sold to an association of men, of whom George Emerick was one, a registered American Belgian stallion, named Harley, for the consideration of $3,000 and acknowledged the receipt of this amount. The note in question, which was subsequently assigned to the use of Hoblitzel National Bank, was given in part payment of the consideration. At the time of or just shortly prior to the execution and delivery of the judgment note, C. L. McCarty delivered a written guarantee, which contained, inter alia, "I guarantee the above named horse to be an average sure breeder, that is to get sixty per cent of regular breeding mares regular tried during the breeding season, May, June and July, in foal, and said horse shall be given a fair trial of the season and kept in good health and properly handled by a competent person and a report of his service made to me monthly while he is bred to mares by his owner or manager during the season, and should the above horse not prove to be as above stated, I will replace him with one of like kind and quality that is a breeder or refund the obligations given in payment of same."

The depositions established that the horse was kept in good health and properly handled; that five colts were produced from twenty-eight mares bred and that the stallion refused to function at different times; that notice of the unsatisfactory service was mailed to C. L. McCarty but was returned because McCarty could not be found; that all letters subsequently mailed were returned; that McCarty had sold the same stallion to others and his record was unsatisfactory and had been taken back by McCarty. From this testimony the court below concluded there were important facts that

should be determined by a jury. Granting that in some phases the proof is not as clear as may be desired, taking the testimony as a whole it established that the guarantee had been broken, in which event it was the duty of the seller to replace the horse with one of like kind or refund the obligation.

It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than oath against oath, is a familiar rule in chancery practice. When there is more than this, and it comes to the question of the weight of the evidence, it is for him to decide to which side the scales incline. If he is in doubt upon this question, or as to the credibility of the witnesses, a prudent course would suggest the aid of a jury. This rule provides a reasonable margin for the exercise of the discretion of the court below, which this court will hesitate to interfere with: Klopfer v. Ekis, 155 Pa. 41, 42, 25 A. 785. (See also Jenkintown National Bank v. T. L. Fulmor, 124 Pa. 337, 17 A. 2; Wade v. Thornton, 283 Pa. 544, 129 A. 637).

In view of the fact that the testimony of the petitioner was undisputed, we are not convinced that the action of the court below in opening the judgment was an abuse of discretion.

The order is affirmed.