JOHN MEAD GOULD, executor, *vs.* ELIZA WAIT GRAVES.

Cumberland. Opinion August 7, 1888.

*Executor and administrator. Trust. Tax. R. S., c. 6, § 14, cl. VI.*

An executor, holding bonds in trust to pay the interest to a resident of this state, can not withhold out of the interest a sum sufficient to pay the taxes on the bonds.

By R. S., c 6, §14 cl. VI, the taxes upon such bonds are to be assessed directly to the person who receives the interest, or, if the beneficiary is a married woman, to her husband.

ON report.

Bill in equity by the executor of the last will of Charlotte Ilsley Harward to obtain a construction of the sixth clause of the will.

The point upon which the case turned is stated in the opinion.

*Thomas L. Talbot,* for plaintiff.

When a fund is left in trust, the income or interest of which is paid over, necessary expenses of the trust, such as taxes, may be first deducted and the net income paid the beneficiary. *Arnold* v. *Mower,* 49 Maine, 561 ; *Clark* v. *Foster,* 8 Met. 568. Revised Statutes, c. 6, § 14, cl. VI, imposes the burden of taxes in this case on the *cestui que trust* and not on the estate.

*John J. Perry,* for defendant, cited : *Fisk* v. *Keene,* 35 Maine, 349 ; *Doane* v. *Hadlock,* 42 Maine, 72 ; *Williams* v. *Bradley,* 3 Allen, 270 ; *Barrett* v. *Marsh,* 126 Mass. 213 ; *Deering* v. *Adams,* 37 Maine, 264 ; *Shaw* v. *Hussey,* 41 Maine, 495 ; *Osgood* v. *Lovering,* 33 Maine, 464 ; *Clark* v. *Foster,* 8 Met. 568 ; *Arnold* v. *Mower,* 49 Maine, 561 ; *Merrill* v. *Bickford,* 65 Maine, 118 ; *Merritt* v. *Bucknam,* 78 Maine, 501 ; *Orr* v. *Moses,* 52 Maine, 287 ; *Nutter* v. *Vickery,* 64 Maine, 490 ; *Brown* v. *Kelsey,* 2 Cush. 243 ; *Warren* v. *Gregg,* 116 Mass. 304.

WALTON, J. The plaintiff, as executor, is possesed of certain bonds, the interest on which is payable to the defendant during her life. The bonds themselves, at her decease, are given to other parties. The question is whether the plaintiff has a right to withhold from the defendant enough of the interest to pay the taxes on the bonds. Clearly not. The bonds are not taxable to him. The defendant is a resident of Portland in this state. The bill so states. If she is a married woman (and we understand she is, although the case does not distinctly show such to be the fact), the bonds are taxable to her husband. If she is not a married woman, then they are taxable to her. In neither case are they taxable to the plaintiff. R. S., c. 6, § 14, cl. VI. The clause cited declares that "personal property held in trust by an executor, administrator, or trustee, the income of which is to be paid to a married woman, or other person, shall be

assessed to the husband of such married woman, or to such other person, in the place of which he is an inhabitant," if such husband or other person is an inhabitant of the state; and it is only when the beneficiary, or her husband, if she has one, resides out of the state that such property can be taxed to an executor, administrator, or trustee. The tax laws of this state expressly so declare.

The statute referred to does not apply to real estate,—it applies only to personal estate. And it does not apply to personal estate when held for the ordinary purposes of administration —it applies only to personal property held in trust and the income of which is payable to another person. But when personal property is so held, it applies to executors and administrators as well as to trustees. The statute expressly so declares.

Such being the law, it is not important to inquire what the intentions of the testatrix were with respect to the taxation of these bonds. The law must govern, not her supposed or real intentions, if she had any. The will is silent upon the subject, and probably she had no intentions one way or the other. But if she had, and it were possible to ascertain what they in fact were, still, it is the law and not her intentions that must govern. We therefore decline to make the inquiry. Clearly, the bonds are not legally taxable to the plaintiff, and he has no right to withhold from the defendant any portion of the interest with which to pay the taxes. Whether he can be allowed to charge the taxes already paid by him to the estate, and thus make them a burden upon the residuary legacies, is a question which he must settle with the judge of probate.

*Bill dismissed with costs.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.