NATIONAL BINDING MACHINE CO.

                VS.                                No. 7544.

VINCENT S. DANTONI,
        APPELLANT.

May 1st., 1919.

CHARLES F. CLAIBORNE, JUDGE.

On motion to revoke order authorizing the completion of the transcript.

After the defendant and appellant had filed the transcript in this Court, the plaintiff and appellee obtained the following order from the District Judge:

"On motion of Sol Weiss, attorney for the plaintiff herein, and on suggesting to the Court that in this cause, through inadvertence, the depositions of plaintiff's witnesses herein, duly received herein, and duly offered in evidence on the trial of this cause, were inadvertently not formally filed herein, all of which will appear from the docket herein, and that petitioner and mover desires leave of Court to formally file the said deposition nunc pro tunc, as of the date of the submission of the said case, as by law permitted: It is ordered by the Court that plaintiff herein be and he is hereby permitted and authorized to file nunc pro tunc, as of the date of the submission of this case, the depositions of the witnesses for plaintiff herein, offered in evidence on the trial of this case".

The plaintiff then appeared in this Court and was granted the following order-:

"On motion of Sol Weiss, attorney for the plaintiff and appellee herein, and on suggesting to the Court that the depositions of the witnesses for plaintiff were received in due form by the Clerk of the Civil District Court, as will appear from the docket entries herein, and on suggesting to the Court that same were offered in evidence herein on the trial of this cause, but that through

*Vol 6*

inadvertence the said depositions were not formally filed herein, and on further suggesting to the Court that mover had obtained from the Honorable Division "B" of the Civil District Court an order permitting the filing of the said depositions nunc pro tunc as of the date of the submission of this cause in said Court, and on suggesting to the Court that the record and transcript herein should be completed by the bringing up and filing as a part of this record on appeal the said depositions. It is ordered by the Court that the record and transcript herein be completed by making a part of the record and transcript the depositions of plaintiff's witnesses, as described in the foregoing motion".

Thereupon the defendant and appellant filed in this Court the following motion:

"On motion of Vincent S. Dantoni defendant and appellant herein, through his counsel, U. Marinoni, Jr., and on showing to this Honorable Court that the transcript herein was properly and duly filed in this Court containing all the documents filed in the lower Court and certified to by the Clerk thereof, and that mover herein thereupon perfected his appeal herein; and on further showing to this Court that on April 17th, 1919, the day of the trial of this case, a motion was duly made in this Court by Hon. Sol. Weiss, attorney for plaintiff and appellee to have the transcript completed by the bringing up and filing as a part of this record certain depositions filed in the Civil District Court on April 16th, 1919 being plaintiff's evidence (appellee) in the Court below, not filed previously or made a part of this transcript when broughtup; and on showing to the Court that said motion was duly entertained by this Court, and it was so ordered; and on showing to this Court that said motion was improvidently granted by this Court and should be recalled, 1o Because Hon. Sol Weiss is neither appellant or appellee and the motion should have been made in the

407

name of his client, - see Voelkel vs. Succ'n. Aurich, 118 La., 525, - 2o   That the record cannot be added to or changed or the transcript modified unless through faults occasioned by the negligence of the Clerk of Court in making up the transcript and that said trans- cript was complete quoad this Court, as evidenced by the certificate of the Clerk of lower Court;   3o   That the lower Court could not grant an order to file testimony herein after the transcript was completed and appeal perfected, as it had no longer any jurisdiction herein quoad the introduction or filing of any testimony or en- largement of the transcript or record, as jurisdiction over the matters involved was vested in this Court, and this Court cannot enlarge a transcript by evidence not properly filed in the lower Court, and can only allow a subsequent transcript or enlargement of the record of evidence or documents properly filed before the appeal and inadvertently omitted;   This Court is hereby moved by appearer that an order do issue herein cancelling and revoking the previous motion made this 17th. of April, 1919 by Sol Weiss, attorney, to file herein certain de- positions and documents as part of this record, and can- celling and revoking and annulling the order issued thereon and that this record and transcript be diminished by striking out therefrom the depositions and evidence of plaintiff and appellee filed in the Civil District Court, Parish of Orleans, April 16th, 1919, nunc pro tunc and ordered by this Court on April 17th, 1919 to form part of this record, the said previous order of this Court being thereby revoked, annulled, and cancelled, and appearer moves that this Honorable Court do so order".

1o   The motion in the District Court was made by "Sol Weiss, attorney for the plaintiff" and "plaintiff was au- thorized" to file the depositions.   It is clear therefore that Weiss acted for the plaintiff.   When the record leaves no reasonable doubt as to who is the party granted the appeal it will not be dismissed.   107 La., 242 (244).

In Ansley vs. Stuart, 123 La., 330 (335), the Court said:
"The contention that the appeal was granted to the attorneys and not to the defendant needs no discussion. Logically and grammatically, the defendant was the "mover" on the face of the record. The attorneys appeared merely as his representatives". This decision practicallt overrules Voelkel vs. Aurich.

2o  An incomplete transcript may be completed by the appellee as well as by the appellant. 13 A., 288; 30 A.,70. *Couget vs Dasaro №. 7377 Court of appeal* It is useless to issue a certiorari after appellant has filed a copy of the missing document.  25 A., 335; 33 A., 873; 42 A., 799.

The Supreme Court will not dismiss an appeal when the transcript has been filed without the necessary stamps; it will permit the subsequent stamping.  37 A., 573.

When the transcript was completed before the case was submitted the appeal will not be dismissed.  38 A., 837; 45 A., 935.

The transcript may be completed even after argument of the case.  42 A., 799.

"Stamps may be affixed and documents offered in evidence, but not filed through inadvertence may be filed after judgment, and even after  transcript is filed in Supreme Court and will be brough up by certiorari.  The right of appeal is the rule and will be maintained unless the appellant has failed to comply with essential requirements.  43 A., 538, 833; 47 A., 346; 50 A., 113.  *Act 229 of 1910 — Act 265 of 1918*

3o  Notwithstanding a suspensive appeal is perfected, the trial Court has jurisdiction to pass upon all questions involving the validity and effect of the appeal and of the bond and to transmit a correct transcript to the Court of Appeal.

In State vs De Baillon, 113  La., 574, the Court said:

"It (the order of appeal) does not mean that in matters coming up after the appeal, and in no wise involved in it, the trial Court cannot make orders clearly necessary to afford a remedy where otherwise there would be

none". 106 La., 719; 45 A., 1428; 34 A., 90.

"The jurisdiction of the Appellate Court attaches as soon as the order of appeal is made and its terms are complied with. The lower Court then has no longer authority to take any steps but such as may be necessary to transmit the record to the Supreme Court, or, by provisional and conservatory orders, to secure the ultimate execution of the appellate judgment". 6 N. S., 464; 4 L., 205; 7 L., 446; 9 L., 49; 10 La., 483; 1 H. D., 73, VII (3); 34 A., 103; 32 A., 816.

In Morrison vs. Lynch, 36 A., 612, the Court said:

"In the recent case of State ex rel Cass, 33 A., 422, this Court held that, although the jurisdiction of the lower Court abates the moment that the order of appeal is made and the bond under it furnished, the power of that Court over its clerk does not cease to have him to perform the duties imposed upon him, for the confection of a transcript of appeal. 14 Cal., 640. The lower court, when called upon, is bound to see that such transcript be made according to legal requirements, for, this Court can exercise its jurisdiction only in so far as it shall have knowledge of the matters argued and contested below" C. P., 895; 13 La., 182; 5 A., 602; 13 A., 479; 15 A., 63; 18 A., 146, 729; 21 A., 135; 23 A., 28; 25 A., 216". 36 A., 754; 37 A., 852; 20 A., 390, 580; 42 A., 1109.

But it is immaterial whether the Judge of the District Court had jurisdiction to grant the order to file the testimony nunc pro tunc. The plaintiff, having offered the testimony had the right to have it filed at any time. The only question was, did the appellee have the right to an order from this Court making this testimony a part of the transcript. The Supreme Court has said that he had and that is our guide.

The motion of appellant is thereby denied.

May 1st, 1919.